FILED IN MY OFFICE
DISTRICT COURT CLERK
10/1/2015 9:50:32 AM
STEPHEN T. PACHECO
Jill Noh

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT

No. __D-101-CV-2015-02175__

TONYA MICHELLE MALONE, As Personal
Representative of the Estate of
GERARD WATSON, Deceased,
Plaintiff,

                Plaintiff,

vs.

GARY EDEN, JACQUELINE R. FLETCHER, CRST
EXPEDITED, INC., and NATIONAL UNION FIRE
INSURANCE COMPANY and XYZ CORP.,

                Defendants.

## PLAINTIFF TONYA MICHELLE MALONE'S COMPLAINT FOR WRONGFUL DEATH, PUNITIVE DAMAGES AND OTHER DAMGES

**COMES NOW** the Plaintiff Tonya Michelle Malone, as personal representative of the wrongful death estate of Gerard Watson, deceased, in the above captioned cause, by and through her attorneys of record, Caruso Law Offices, P.C. by Mark J. Caruso and David Shelle, and Law Office of Johnny Phillips, P.C., by Johnny Phillips, complaining of wrongful death damages, punitive damages and other damages from Defendants Gary Eden, Jacqueline R. Fletcher, CRST Expedited, Inc., and National Union Fire Insurance Company, and would respectfully show the Court as follows:

1.   Plaintiff Tonya Michelle Malone files this Complaint as the First Judicial District Court's appointed personal representative of the wrongful death estate of Gerard Watson.

2.   Gerard Watson, decedent, was a resident of Georgia at the time of his death.

3.   Plaintiff Tonya Michelle Malone was the mother of Gerard Watson. At all times material hereto, Plaintiff Tonya Michelle Malone is an individual who resides in Georgia.

4.   At all times material hereto, Defendant Gary Eden (hereinafter "Defendant Eden") is an individual who resides in Arizona.

5.   At all times material hereto, Defendant Jacqueline R. Fletcher (hereinafter "Defendant Fletcher") is an individual who resides in Pennsylvania.

6.    At all times material hereto, Defendant CRST, Expedited, Inc. (hereinafter "Defendant CRST") is a corporation in Iowa which is fully authorized to do business in New Mexico and derives substantial economic profits from its business activities in New Mexico.  As a result of these intentional, substantial, continuous and systematic contacts within New Mexico, this Court has personal jurisdiction over Defendant CRST as to all claims arising from these contacts.

7.    At all times material hereto, Defendant National Union Fire Insurance Company (hereinafter "Defendant National Union") is a foreign corporation doing business in the State of New Mexico by issuing liability insurance to New Mexico residents.  Defendant CRST procured a commercial liability insurance policy from Defendant National Union to protect itself from claims arising from the operation of commercial tractor-trailers in the State of New Mexico.

8.    By force of legislative and statutory enactment, the New Mexico Financial Liability Act, the Federal Motor Carrier Safety Act and other state and federal laws require and mandate that Defendant CRST and/or XYZ Corp. carry a commercial liability insurance policy on its tractor-trailers operating in the State of New Mexico.  These Acts and laws were intended to benefit and protect the public using New Mexico roadways and to inure to the benefit of those using New Mexico roadways.  No language of said Acts or other federal law negates joinder of Defendant National Union as party in this action.  Therefore, Defendant National Fire Union is a proper party, and this Court has personam jurisdiction over Defendant National Union and the subject matter of this action.

9.    The Defendant XYZ Corp. is an unknown entity and who, at all times relevant to this action, was the employer of Gerard Watson, and/or Gary Eden and/or Jacqueline R. Fletcher, Defendant XYZ Corp, is a proper party, and this Court has personam jurisdiction over Defendant XYZ Corp. and the subject matter of this action.

10.    The collision which is the subject of this lawsuit occurred in Cibola County, New Mexico.

11.    Jurisdiction and venue are proper in the First Judicial District Court, Santa Fe County, New Mexico pursuant to N.M.S.A. Section 38-3-1 (A) (1978). Santa Fe County is the location of the business address of

2

Defendant CRST's registered agent for service of process in New Mexico, National Corporate Research, LTD, as set forth in the public records of the Federal Motor Carrier Safety Administration.

12. It is Plaintiff's information and belief that Defendant Eden was the father of Defendant Fletcher.

13. It is Plaintiff's information and belief that at all times material hereto, Defendant Fletcher was acting under the control and supervision of Defendant CRST.

14. It is Plaintiff's information and belief that Defendant Fletcher was an employee or agent of Defendant CRST and/or XYZ Corp. and that all times material hereto Defendant CRST and/or XYZ Corp is vicariously liable to the Plaintiff for actions and decisions made by Defendant Fletcher under the concept of Respondeat Superior.

15. It is Plaintiff's information and belief that at all times material hereto, Defendant Eden was not an agent and employee of Defendant CRST.

16. At all times material hereto, Defendant CRST was the owner of the tractor-trailer.

17. At all times material hereto, Defendant National Union provided commercial liability coverage for the tractor-trailer involved in the collision.

18. At all time material hereto, Defendant Fletcher had the actual and apparent authority from Defendant CRST and/or XYZ Corp. to authorize Defendant Eden to operate the tractor-trailer.

19. At all times material hereto, Defendant CRST and/or XYZ Corp. ratified the decisions and acts of Defendant Fletcher, including its ratification of the decision and act to authorize the operation of the tractor-trailer by Defendant Eden.

20. At all times material hereto, Defendant Fletcher had supervisory control over Gerard Watson.

21. On June 22, 2013, Gerard Watson, deceased, was asleep in the bunk of the tractor-trailer owned by Defendant CRST in compliance with FMCSA rest regulations. In further compliance with the FMCSA regulations, Defendant Fletcher was to operate the tractor-trailer while Gerard Watson slept. Without Gerard Watson's knowledge or consent, Defendant Fletcher permitted Defendant Eden to operate the tractor-trailer.

22. While operating the tractor-trailer on June 22, 2013, Defendant Eden lost control of the tractor-trailer in a single vehicle collision.

23. As a result of the collision Gerard Watson suffered severe injuries that resulted in his death as a direct, proximate and foreseeable result of the wrongful actions by Defendants Eden, Fletcher, CRST and National Union and XYZ Corp.

24. Gerard Watson was 25 years old at the time of his death and is survived by his mother, Tonya Michelle Malone.

25. Plaintiff Tonya Michelle Malone as personal representative of the estate of Gerard Watson is entitled to receive wrongful death damages under New Mexico law, including compensatory, exemplary, punitive and other damages for the injury resulting from the death of Gerard Watson to his surviving family members, heirs and beneficiaries, taking into consideration the aggravating circumstances of the wrongful act, neglect, default and carelessness of the Defendants.

## COUNT ONE

### NEGLIGENCE AND NEGLIGENCE PER SE OF DEFENDANT EDEN AND DEFENDANT NATIONAL UNION

26. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 24 of this complaint as if fully set forth herein.

27. Defendant Eden had the duty to operate the tractor-trailer in a careful and prudent manner

28. On June 22, 2013, Defendant Eden operated the tractor-trailer in a negligent manner resulting in a single-vehicle collision.

29. That in violation of said duty, Defendant lost control of the tractor-trailer resulting in a single-vehicle collision which caused the wrongful death of Gerard Watson.

30. Defendant Eden's negligence includes one, or more that one, of the following acts or omissions:

        Traveling too fast;

        Driving inattentively;

        Failing to keep proper lookout;

        Failing to keep a vehicle under control;

        Failing to operate a vehicle in a safe and reasonable manner;

> Operating a commercial motor vehicle without a valid commercial driver's license;
>
> Operating a commercial motor vehicle while under the influence of drugs;
>
> Driving a vehicle in a careless manner; and
>
> Driving a vehicle in violation of state and federal laws, regulations and statutes;

31. At the time of the collision there were in force and effect New Mexico state statutes that may have been violated by Defendant Eden, including but not limited to the following:

    a.   66-7-301 (b)(1) NMSA (1978)-requiring that in every event speed should be so controlled by the driver as may be necessary to avoid colliding with any person

    b.   66-7-301(b)(2) NMSA (1978)-requiring that in every event speed shall be so controlled by the driver as may be necessary to comply with legal requirements as may be established by the State Highway and Transportation Department or the New Mexico State Police Division of the Department of Public Safety and the duty of all persons to use due care;

    c.   66-8-113 NMSA (1978)-reckless driving;

    d.   66-8-114 NMSA (1978)-careless driving;

    e.   65-3-11 NMSA (1978) hours of service of drivers which includes, but shall not be limited to, maximum driving and on duty time, travel time, maintenance of a driver's log or record of duty status;

    f.   65-3-7 NMSA (1978)-qualifications of drivers;

32. Defendant National Union provided commercial liability insurance coverage on the tractor-trailer and to Defendant Eden on June 22, 2013.

33. Pursuant to state and federal law Defendant National Union is jointly and severally liable for the negligence of Defendant Eden.

34. That as a direct and proximate and proximate result of Defendant Eden and Defendant National Union's negligence, Gerard Watson was killed. Plaintiff Tonya Michelle Malone has suffered and will continue to suffer injuries and wrongful death damages in an amount to be proved at trial.

35. Defendant Eden's actions were malicious, willful, wanton, reckless and/or grossly negligent. Plaintiff is therefore entitled to an award of punitive and exemplary damages.

**COUNT TWO**

**NEGLIGENCE AND NEGLIGENCE PER SE OF
DEFENDANTS FLETCHER AND CRST AND/OR XYZ CORP.**

36. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 35 of this Complaint as if fully set forth herein.

37. Defendant Fletcher had a duty to insure the safe operation of the tractor-trailer to the public using New Mexico roadways and her subordinate co-driver and passenger, Gerard Watson.

38. Defendant Fletcher breached this duty by permitting her father, Defendant Eden, to operate the tractor-trailer.

39. Defendant Fletcher had actual knowledge prior to permitting Defendant Eden to drive the tractor-trailer that Defendant Eden was taking drugs and medications and that he did not possess a valid commercial driver's license.

40. Federal and state law prohibit the operation of a commercial vehicle without a valid commercial driver's license and while under the influence of certain drugs.

41. Defendant Fletcher had actual knowledge that she created an extremely hazardous and dangerous condition to Gerard Watson by permitting Defendant Eden to operate the tractor-trailer.

42. As the agent and employee of Defendant CRST and/or XYZ Corp. Defendant Fletcher had the actual and apparent authority from Defendant CRST and/or XYZ Corp. to permit Defendant Eden to operate the tractor-trailer.

43. Defendant CRST and/or XYZ Corp. is vicariously liable and jointly liable for the intentional decision to permit Defendant Eden to operate the tractor-trailer on June 22, 2013.

44. Defendant CRST and/or XYZ Corp. had the actual knowledge prior to permitting Defendant Eden to drive the tractor-trailer that Defendant Eden was taking drugs and medications and that he did not possess a valid commercial driver's license.

6

45. Defendant CRST and/or XYZ Corp. had actual knowledge that it created an extremely hazardous and dangerous condition to Gerard Watson by permitting Defendant Eden to operate the tractor-trailer.

46. The joint and intentional decision by Defendant CRST and/or XYZ Corp. and Defendant Fletcher to knowingly permit Defendant Eden to operate the tractor-trailer was a willful disregard of the safety of Gerard Watson which proximately led to his wrongful death.

47. Defendants Fletcher and CRST and/or XYZ Corp. should have reasonably anticipated that such a decision to permit an unlicensed and intoxicated driver to operate the tractor-trailer would cause serious injury and/or death to Gerard Watson and motorists using New Mexico roadways.

48. There was substantial likelihood that Gerard Watson would suffer wrongful death by occupying the tractor-trailer operated by Defendant Eden.

49. Defendants Fletcher and CRST and/or XYZ Corp. were aware that they created a substantial likelihood that Gerard Watson would suffer wrongful death by occupying the tractor-trailer operated by Defendant Eden.

50. At all times material hereto there were in force and effect, state and federal statutes that were enacted for the safety of the public at large using public roadways, including Gerard Watson.

51. The Federal Motor Carrier Safety Act (hereinafter "FMCSA") adopted the Federal Motor Carrier Safety Regulations (hereinafter "FMCSR") that apply to all motor carriers and commercial vehicles engaged in interstate commerce including Defendant CRST's tractor-trailer and its agent and employee, Defendant Fletcher.

52. In addition, the New Mexico State Motor Carrier Safety Act and Traffic Laws and other statutes apply to all motor carriers and commercial vehicles operating within New Mexico.

53. Defendants CRST and/or XYZ Corp. and Defendant Fletcher were motor carriers operating commercial vehicles under United States federal laws and New Mexico state laws.

54. Defendants CRST and/or XYZ Corp. and Fletcher were operating a commercial vehicle within New Mexico.

55. Defendants CRST and/or XYZ Corp. and Fletcher had the duty to comply with federal and state motor carrier safety rules and regulations and industry standards for the safe operation of commercial vehicles.

56. Defendants CRST and/or XYZ Corp. and Fletcher had a duty to be knowledgeable of and comply with all of the federal and state motor carrier safety rules and regulations and industry standards.

57. Defendant CRST and/or XYZ Corp. had a duty to make certain that Defendant Fletcher and its other employees were instructed, trained and complied with all applicable federal and state motor carrier safety rules and regulations and industry standards.

58. Defendant Fletcher had a duty to comply with all applicable federal and state motor carrier safety rules and regulations and industry standards.

59. At the time of the aforesaid collision on June 22, 2013, there were in force and effect FMCSR regulations that may have been violated by Defendant CRST and/or XYZ Corp., including but not limited to the following:

      a.    FMCSR 383.35 and 391.23 regarding background investigation of driver;

      b.    FMCSR 391.11 regarding driver qualifications;

      c.    FMCSR 391.13 regarding driver training;

      d.    FMCSR 391-25 regarding annual review of driver safety;

      e.    FMCSR 391.27 regarding annual reports of driving violations;

      f.    FMCSR 391.31 regarding driver road testing;

      g.    FMCSR 391.51 regarding qualification and records files;

      h.    FMCSR 395.3 regarding hours of operation; and

      i.    FMCSR 395.8 regarding driver duty status logs.

60. At the time of the aforesaid collision on June 22, 2013, there were in force and effect FMCSR regulations that may have been violated by Defendant Fletcher, including but not limited to the following;

      a.    FMCSR 392.14 regarding hazardous conditions; extreme caution;

      b.    FMCSR 392.3 regarding an ill or fatigued operator;

      c.    FMCSR 395.3 regarding maximum driving time;

    d.   FMCSR 383.110 regarding general knowledge;

    e.   FMCSR 383.111 regarding required knowledge; and

    f.   FMCSR 383.113 regarding required skills.

61. At the time of the aforesaid collision on June 22, 2013 there were in force and effect New Mexico state statutes that may have been violated by Defendant Fletcher, including but not limited to the following:

    g. 65-3-11 NMSA (1978)-hours of service of drivers which includes but shall not be limited to maximum driving and on duty time, travel time, maintenance of a driver's log or records of duty status;

    h. 65-3-7 NMSA (1978)-qualifications of drivers:

62. Upon information and belief, the tractor-trailer under the supervision of Defendant Fletcher was owned by Defendant CRST and/or XYZ Corp. and was negligently entrusted by Defendant CRST and/or XYZ Corp. to its employee Defendant Fletcher.

63. Defendant Fletcher was an employee of Defendant CRST and/or XYZ Corp. and was acting within the course and scope of her employment with Defendant CRST and/or XYZ Corp. Defendant CRST and/or XYZ Corp. is considered a statutory employer of Defendant Eden under the FMCSA.

64. Defendant CRST and/or XYZ Corp. is responsible for the hiring, supervision and training of its employees, such as Defendant Fletcher, to assure the proper execution of the duties of a commercial truck driver.

65. Defendant CRST and/or XYZ Corp. had a duty of care to hire, supervise and train its employees to drive tractor-trailers in a reasonable and safe manner and in compliance with state and federal laws and industry standards.

66. Defendant CRST and/or XYZ Corp. breached its duty to exercise reasonable care and acted negligently, carelessly and recklessly in the hiring, supervising and training of Defendant Fletcher for the duties which Defendant Fletcher was to perform in the course of her employment as a commercial truck driver.

67. The intentional acts by Defendant Fletcher and Defendant CRST and/or XYZ Corp. of permitting an unlicensed and intoxicated driver to operate the tractor proximately caused the wrongful death of Gerard Watson.

68. That as a direct and proximate result of Defendant Fletcher and Defendant CRST's and/or XYZ Corp. negligence, Gerard Watson was killed and Plaintiff Tonya Michelle Malone has suffered and will continue to suffer injuries and wrongful death damages in an amount to be proved at trial.

69. The actions of Defendant Fletcher and Defendant CRST and/or XYZ Corp. were malicious, willful, wanton, reckless and/or grossly negligent.  Plaintiff is therefore entitled to an award of punitive and exemplary damages.

## DAMAGES

### Wrongful Death Of Gerard Watson

70. Gerard Watson died as a direct and proximate result of the acts and/or omissions of Defendants Gary Eden, Jacqueline R. Fletcher, CRST and/or XYZ Corp. Expedited, Inc., and Defendant National Fire Insurance Company and/or XYZ Corp. Accordingly, the estate of Gerard Watson is entitled to any award of wrongful death damages including, but not limited to, the following:

A.  The reasonable expenses of necessary medical care and treatment, funeral and burial costs of Gerard Watson;

B.  The pain and suffering experienced by Gerard Watson from the moment of impact and collision of the vehicles and the moment of death from injuries he sustained in the impact and collision;

C.  The value of lost earnings, lost earning capacity and value of the lost household services of Gerard Watson, considering his age, earnings capacity, vocation, health habits and life expectancy;

D.  The value of Gerard Watson's life apart from his earnings capacity;

E.  The loss to the heirs and beneficiaries of Gerard Watson of other expected benefits having a monetary value and non-monetary value;

F.  The aggravating circumstances of carelessness and recklessness attendant to the wrongful act

causing the wrongful death of Gerard Watson; the loss of consortium and emotional distress to surviving family members, heirs and beneficiaries caused by the loss of society, guidance, companionship and family relations engage in and with Gerard Watson; and

G. Any other actual or special damages in an amount to be proved at trial and as allowed by law.

71. Plaintiff is further entitled to punitive and exemplary damages in the maximum amount allowed by law. Defendants' actions were malicious, willful, wanton, reckless and/or grossly negligent.

**WHEREFORE,** Plaintiff Tonya Michelle Malone, as Personal Representative of the Estate of Gerard, deceased, prays for the following relief:

A. For judgment in her favor and against the Defendant Gary Eden, Jacqueline R. Fletcher, CRST and/or XYZ Corp., Expedited, Inc., Defendant National Union Fire Insurance Company and XYZ Corp. in amounts to be proven at trial as allowed by New Mexico law, together with prejudgment interest and costs;

B. For such other and further relief that the court deems just and proper.

Respectfully submitted

*Electronically submitted*

/s/ Mark J. Caruso
Mark J. Caruso, Esq.
David E. Shelle, Esq.
Caruso Law Offices, PC
4302 Carlisle Blvd NE
Phone: (505) 883-5000
Fax:  (505) 883-5012
mark@carusolaw.com


*Electronically submitted*

/s/ Johnny Phillips
Johnny Phillips
Law Offices of Johnny Phillips, PC
37 Calumet Parkway, Bldg. K, Ste. 202
Newnan, Georgia 30263
Phone: (404) 487-0184
Fax:  (404) 487-0183
Johnny@johnnyphillipslaw.com

FILED IN MY OFFICE
DISTRICT COURT CLERK
10/1/2015 9:50:32 AM
STEPHEN T. PACHECO
Jill Nohl

STATE OF NEW MEXICO
SANTA FE _____ COUNTY
FIRST _____ JUDICIAL DISTRICT

TONYA MICHELLE MALONE                                    No. ___D-101-CV-2015-02175___
AS PERSONAL REP OF ESTATE OF
GERARD WATSON, DECEASED, PLAINTIFF
v.

GARY EDEN, ET AL. .

## AFFIDAVIT OF NON-ADMITTED LAWYER

STATE OF __GEORGIA_____ )
                                                       )
COUNTY OF __FAYETTE_____ )

__JOHNNY G. PHILLIPS__, (Non-admitted Lawyer) the affiant herein, having been
duly sworn, states upon oath:

1. Affiant is admitted to practice law and is in good standing to practice law in
   __Georgia ; United States__ (state, territory, country).

2. Affiant has complied with Rule 24-106 NMRA.

3. Affiant has associated with __MARK J. CARUSO__, counsel licensed to practice
   law in good standing in New Mexico.

__JOHNNY G. PHILLIPS__. Affiant, being first duly sworn, states upon oath, that all of
the representations in this affidavit are true as far as affiant knows or is informed, and
that such affidavit is true, accurate and complete to the best of affiant's knowledge and
belief.

DATED: __August 5th_____. 2015.

                                                       _____
                                                       Affiant

SUBSCRIBED AND SWORN TO before me this __5TH__ day of __August__ __2015__.

                                                       _____
                                                       NOTARY PUBLIC

My commission expires:

__JAN 29, 2019__

FILED IN MY OFFICE
DISTRICT COURT CLERK
10/5/2015 11:10:19 AM
STEPHEN T. PACHECO
Victoria Neal

| **SUMMONS** | |
|---|---|
| First Judicial District Court<br>Santa Fe County Courthouse<br>P. O. Box 2268<br>Santa Fe, NM 87504<br>(505) 455-8250 | Case Number: D-101-CV-2015-02175<br><br>Francis J. Mathew<br>Assigned Judge: ~~Stephen T. Pacheco~~ |
| Plaintiff(s): Tonya Michelle Malone as Personal Representative of the Estate of Gerard Watson, Deceased,<br>v.<br><br>Gary Eden, Jacqueline R. Fletcher, CRST Expedited, Inc. and National Union Fire Insurance Company and XYZ Corp.<br><br>Defendant(s): | Defendant:  Gary Eden<br>802 N. 22nd Place, Apt. 160<br>Phoenix, AZ 85006 |

**TO THE ABOVE NAMED DEFENDANT(S)**:  Take notice that

**1.**      A lawsuit has been filed against you.  A copy of the lawsuit is attached.  The Court issued this Summons.

**2.**      You must respond to this lawsuit in writing.  You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons.  (The date you are considered served with the Summons is determined by Rule 1-004 NMRA)  The Courts address is listed above.

**3.**       You must file (in person or by mail) your written response with the Court.  When you file your response, you must give or mail a copy to the person who signed the lawsuit.

**4.**      If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

**5**.      You are entitled to a jury trial in most types of lawsuits.  To ask for a jury trial, you must request one in writing and pay a jury fee.

**6.**      If you need an interpreter, you must ask for one in writing.

**7.**      You may wish to consult a lawyer.  You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at Santa Fe, New Mexico, this 5th day of October, 2015.

Stephen T. Pacheco
Clerk of the District Court

By: _Victoria B. Neal_

/s/ Mark J. Caruso, Esq.
Mark J. Caruso, Esq.
David E. Shelle, Esq.
Attorneys for Plaintiffs
4302 Carlisle Blvd NE
Phone: 505-883-5000
E-mail: www.caruso.law.com

7500-1514-F Summonses -dg

FILED IN MY OFFICE
DISTRICT COURT CLERK
10/5/2015 11:10:19 AM
STEPHEN T. PACHECO
Victoria Neal

| | |
|---|---|
| **SUMMONS** | |
| First Judicial District Court<br>Santa Fe County Courthouse<br>P. O. Box 2268<br>Santa Fe, NM 87504<br>(505) 455-8250 | Case Number: D-101-CV-2015-02175<br><br>Francis J. Mathew<br>Assigned Judge: ~~Stephen T. Pacheco~~ |
| Plaintiff(s): Tonya Michelle Malone as Personal Representative of the Estate of Gerard Watson, Deceased,<br>v.<br><br>Gary Eden, Jacqueline R. Fletcher, CRST Expedited, Inc. and National Union Fire Insurance Company and XYZ Corp.<br><br>Defendant(s): | Defendant:  Jacqueline R. Fletcher<br>          1732 Regina Street<br>          Harrisburg, PA 17103 |

**TO THE ABOVE NAMED DEFENDANT(S)**:  Take notice that

**1.** A lawsuit has been filed against you.  A copy of the lawsuit is attached.  The Court issued this Summons.

**2.** You must respond to this lawsuit in writing.  You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons.  (The date you are considered served with the Summons is determined by Rule 1-004 NMRA)  The Courts address is listed above.

**3.** You must file (in person or by mail) your written response with the Court.  When you file your response, you must give or mail a copy to the person who signed the lawsuit.

**4.** If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

**5**. You are entitled to a jury trial in most types of lawsuits.  To ask for a jury trial, you must request one in writing and pay a jury fee.

**6.** If you need an interpreter, you must ask for one in writing.

**7.** You may wish to consult a lawyer.  You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at Santa Fe, New Mexico, this 5th day of October, 2015.

Stephen T. Pacheco
Clerk of the District Court

By: _Victoria B. Neal_
              Deputy

/s/ Mark J. Caruso, Esq.
Mark J. Caruso, Esq.
David E. Shelle, Esq.
Attorneys for Plaintiffs
4302 Carlisle Blvd NE
Phone: 505-883-5000
E-mail: www.caruso.law.com

7500-1514-F Summonses -dg

FILED IN MY OFFICE
DISTRICT COURT CLERK
10/5/2015 11:10:19 AM
STEPHEN T. PACHECO
Victoria Neal

| SUMMONS | |
|---|---|
| First Judicial District Court<br>Santa Fe County Courthouse<br>P. O. Box 2268<br>Santa Fe, NM 87504<br>(505) 455-8250 | Case Number: D-101-CV-2015-02175<br><br>Francis J. Mathew<br>Assigned Judge: ~~Stephen T. Pacheco~~ |
| Plaintiff(s): Tonya Michelle Malone as Personal Representative of the Estate of Gerard Watson, Deceased,<br>v.<br><br>Gary Eden, Jacqueline R. Fletcher, CRST Expedited, Inc. and National Union Fire Insurance Company and XYZ Corp.<br><br>Defendant(s): | Defendant:  National Union<br>Fire Insurance Company<br>175 Water Street, 18th Flr.<br>New York, NY 10038 |

**TO THE ABOVE NAMED DEFENDANT(S):**  Take notice that

**1.**      A lawsuit has been filed against you.  A copy of the lawsuit is attached.  The Court issued this Summons.

**2.**      You must respond to this lawsuit in writing.  You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons.  (The date you are considered served with the Summons is determined by Rule 1-004 NMRA)  The Courts address is listed above.

**3.**       You must file (in person or by mail) your written response with the Court.  When you file your response, you must give or mail a copy to the person who signed the lawsuit.

**4.**      If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

**5.**      You are entitled to a jury trial in most types of lawsuits.  To ask for a jury trial, you must request one in writing and pay a jury fee.

**6.**      If you need an interpreter, you must ask for one in writing.

**7.**      You may wish to consult a lawyer.  You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at Santa Fe, New Mexico, this 5th day of October, 2015.

Stephen T. Pacheco
Clerk of the District Court

By: _____
      Deputy

/s/ Mark J. Caruso, Esq.
Mark J. Caruso, Esq.
David E. Shelle, Esq.
Attorneys for Plaintiffs
4302 Carlisle Blvd NE
Phone: 505-883-5000
E-mail: www.caruso.law.com

7500-1514-F Summonses -dg

<table>
<tr><td colspan="2" align="center"><strong>SUMMONS</strong></td></tr>
<tr>
<td>First Judicial District Court<br>Santa Fe County Courthouse<br>P. O. Box 2268<br>Santa Fe, NM 87504<br>(505) 455-8250</td>
<td>Case Number: D-101-CV-2015-02175<br><br>          Francis J. Mathew<br>Assigned Judge: <s>Stephen T. Pacheco</s></td>
</tr>
<tr>
<td>Plaintiff(s): Tonya Michelle Malone as Personal Representative of the Estate of Gerard Watson, Deceased,<br>v.<br><br>Gary Eden, Jacqueline R. Fletcher, CRST Expedited, Inc. and National Union Fire Insurance Company and XYZ Corp.<br><br>Defendant(s):</td>
<td>Defendant:  CRST Expedited, Inc.<br>c/o National Corporate<br>Research, Ltd.<br>Agent for Service of Process<br>1012 Marquez Place,<br>Suite 106B<br>Santa Fe, NM 87505</td>
</tr>
</table>

**TO THE ABOVE NAMED DEFENDANT(S)**:  Take notice that

**1.**     A lawsuit has been filed against you.  A copy of the lawsuit is attached.  The Court issued this Summons.

**2.**     You must respond to this lawsuit in writing.  You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons.  (The date you are considered served with the Summons is determined by Rule 1-004 NMRA)  The Courts address is listed above.

**3.**      You must file (in person or by mail) your written response with the Court.  When you file your response, you must give or mail a copy to the person who signed the lawsuit.

**4.**     If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

**5**.     You are entitled to a jury trial in most types of lawsuits.  To ask for a jury trial, you must request one in writing and pay a jury fee.

**6.**     If you need an interpreter, you must ask for one in writing.

**7.**     You may wish to consult a lawyer.  You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at Santa Fe, New Mexico, this 5th day of October, 2015

Stephen T. Pacheco

Clerk of the District Court

By: _Victoria B. Neal_

      Deputy

/s/ Mark J. Caruso, Esq.
Mark J. Caruso, Esq.
David E. Shelle, Esq.
Attorneys for Plaintiffs
4302 Carlisle Blvd NE
Phone: 505-883-5000
E-mail: www.caruso.law.com

FILED IN MY OFFICE
DISTRICT COURT CLERK
10/12/2015 4:39:57 PM
STEPHEN T. PACHECO
Jessica Garcia

FILED IN MY OFFICE
DISTRICT COURT CLERK
10/5/2015 11:10:19 AM
STEPHEN T. PACHECO
Victoria Neal

| SUMMONS | |
|---|---|
| First Judicial District Court<br>Santa Fe County Courthouse<br>P. O. Box 2268<br>Santa Fe, NM 87504<br>(505) 455-8250 | Case Number: D-101-CV-2015-02175<br><br>Francis J. Mathew<br>Assigned Judge: ~~Stephen T. Pacheco~~ |
| Plaintiff(s): Tonya Michelle Malone as Personal Representative of the Estate of Gerard Watson, Deceased,<br><br>v.<br><br>Gary Eden, Jacqueline R. Fletcher, CRST Expedited, Inc. and National Union Fire Insurance Company and XYZ Corp.<br><br>Defendant(s): | Defendant: CRST Expedited, Inc.<br>c/o National Corporate<br>Research, Ltd.<br>Agent for Service of Process<br>1012 Marquez Place,<br>Suite 106B<br>Santa Fe, NM 87505 |

**TO THE ABOVE NAMED DEFENDANT(S):** Take notice that

1.     A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

2.     You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Courts address is listed above.

3.     You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4.     If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5.     You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

6.     If you need an interpreter, you must ask for one in writing.

7.     You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at Santa Fe, New Mexico, this 5th day of October, 2015

Stephen T. Pacheco

Clerk of the District Court

By: _Victoria B. Neal_

       Deputy

/s/ Mark J. Caruso, Esq.
Mark J. Caruso, Esq.
David E. Shelle, Esq.
Attorneys for Plaintiffs
4302 Carlisle Blvd NE
Phone: 505-883-5000
E-mail: www.caruso.law.com

7500-1514-F Summonses –dg

**RETURN**

STATE OF NEW MEXICO

COUNTY OF _Santa Fe_

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _Santa Fe_ county on the _7th_ day of _October_, _2015_, by delivering a copy of this summons, with a copy of Complaint and ~~Arbitration Certificate~~ attached, and ~~Plaintiff's First Request for Admissions to Defendant~~ in the following manner:

**(check one box and fill in appropriate blanks)**

[ ]    to the defendant _____ *(used when defendant accepts copy of summons and complaint or refuses to accept the summons and complaint).*

[ ]    to the defendant by [mail] [courier service] as provided by rule 1-004 NMRA *(used when service is by mail or commercial courier service).*

After attempting to serve the summons and complaint and arbitration certificate on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of the complaint and arbitration certificate attached, in the following matter:

[ ]    to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____ *(used when the defendant is not presently at place of abode)* and mailing by first class mail to the defendant at _____ *(insert defendant's last known mailing address)* a copy of the summons and complaint.

[ ]    to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ *(insert defendant's business address)* and by mailing the summons and complaint by first class mail to the defendant at _____ *(insert defendant's last known mailing address).*

    Agent for National Corporate Research

[X]    to _Dorothy Black_, an agent authorized to receive service of process for defendant _CRST Expedited, Inc._

[ ]    to _____, [parent] [guardian] [custodian] [conservator] [guardian *ad litem*] of defendant _____ *(used when defendant is a minor or an incompetent person).*

[ ]    to _____ *(name of person),* _____ *(title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the state of New Mexico or any political subdivision).*

Fees: _$30_

_____
Signature of person making service

_____
Title *(if any)*

Subscribed and sworn to before me this _12th_ day of _October_, _2015_.

_Diana Totten_ (signature)

OFFICIAL SEAL
**Diana Totten**
Notary Public
State of New Mexico
My Commission Expires _8/29/16_
Commission Expires:

FILED IN MY OFFICE
DISTRICT COURT CLERK
10/19/2015 11:50:45 AM
STEPHEN T. PACHECO
Maureen Naranjo

FILED IN MY OFFICE
DISTRICT COURT CLERK
10/5/2015 11:10:19 AM
STEPHEN T. PACHECO
Victoria Neal

## SUMMONS

| First Judicial District Court<br>Santa Fe County Courthouse<br>P. O. Box 2268<br>Santa Fe, NM 87504<br>(505) 455-8250 | Case Number: D-101-CV-2015-02175<br><br>Assigned Judge: ~~Stephen T. Pacheco~~ Francis J. Mathew |
| --- | --- |
| Plaintiff(s): Tonya Michelle Malone as Personal Representative of the Estate of Gerard Watson, Deceased,<br>v.<br><br>Gary Eden, Jacqueline R. Fletcher, CRST Expedited, Inc. and National Union Fire Insurance Company and XYZ Corp.<br><br>Defendant(s): | Defendant:  Jacqueline R. Fletcher<br>             1732 Regina Street<br>             Harrisburg, PA 17103 |

**TO THE ABOVE NAMED DEFENDANT(S):**  Take notice that

1.      A lawsuit has been filed against you.  A copy of the lawsuit is attached.  The Court issued this Summons.

2.      You must respond to this lawsuit in writing.  You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons.  (The date you are considered served with the Summons is determined by Rule 1-004 NMRA)  The Courts address is listed above.

3.       You must file (in person or by mail) your written response with the Court.  When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4.      If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5.      You are entitled to a jury trial in most types of lawsuits.  To ask for a jury trial, you must request one in writing and pay a jury fee.

6.      If you need an interpreter, you must ask for one in writing.

7.      You may wish to consult a lawyer.  You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at Santa Fe, New Mexico, this 5th day of October, 2015.

Stephen T. Pacheco

Clerk of the District Court

By: _Victoria B. Neal_

        Deputy

/s/ Mark J. Caruso, Esq.
Mark J. Caruso, Esq.
David E. Shelle, Esq.
Attorneys for Plaintiffs
4302 Carlisle Blvd NE
Phone: 505-883-5000
E-mail: www.caruso.law.com

7500-1514-F Summonses -dg

**RETURN**

STATE OF Pennsylvania

COUNTY OF Dauphin

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in Dauphin county on the 12th day of October, 2015, by delivering a copy of this summons, with a copy of Complaint
to Defendant in the following manner:

**(check one box and fill in appropriate blanks)**

[]    to the defendant _____ *(used when defendant accepts copy of summons and complaint or refuses to accept the summons and complaint).*

[]    to the defendant by [mail] [courier service] as provided by rule 1-004 NMRA *(used when service is by mail or commercial courier service).*

After attempting to serve the summons and complaint and arbitration certificate on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of the complaint: _____ in the following matter:

[X]    to household member a person over fifteen (15) years of age and residing at the usual place of abode of defendant Jacqueline Fletcher *(used when the defendant is not presently at place of abode)* Jacqueline was not home at time of service. SEE ATTACHED AFFIDAVIT

[]    to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ *(insert defendant's business address)* and by mailing the summons and complaint by first class mail to the defendant at _____ *(insert defendant's last known mailing address).*

[]    to _____, an agent authorized to receive service of process for defendant _____.

[]    to _____, [parent] [guardian] [custodian] [conservator] [guardian *ad litem*] of defendant _____ *(used when defendant is a minor or an incompetent person).*

[]    to _____ *(name of person),* _____, *(title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the state of New Mexico or any political subdivision).*

Fees: _____

_____
Signature of person making service

Process Server
Title *(if any)*

Subscribed and sworn to before me this 13 day of October 2015

_____
Notary

October 18, 2017
Commission Expires:

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Shelly Jo Thomas, Notary Public
Susquehanna Twp., Dauphin County
My Commission Expires Oct. 18, 2017
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

## AFFIDAVIT

State of Pennsylvania        )
                             ) SS:
County of Dauphin            )

Before me the subscribers personally appeared Spenser Lauver
to me known, being duly sworn according to law, doth depose and
say on October 12, 2015 @ 4:55 p.m., I personally served Jacqueline
R. Fletcher at 1732 Regina Street, Harrisburg, PA 17103, in the
matter of State of New Mexico County of Sante Fe First Judicial
District No. D-101-CV-2015-02175; Tonya Michelle Malone, as Personal
Representative of the Estate of Gerard Watson, Deceased vs. Gary
Eden, Jacqueline R. Fletcher, CRST Expedited, Inc. and National
Union Fire Insurance Company and XYZ Corp., by handing the Summons
and Complaint to an female adult household member, 6', 160 lbs. with
black hair and brown eyes, who accepted service on behalf of
of Jacqueline who was not at home at the time of service.
And further deponent sayeth not.

Spenser Lauver
5235 N. Front St.
Harrisburg, PA 17110

Sworn and subscribed before me this
13 day of October 2015

Notary Public

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Shelly Jo Thomas, Notary Public
Susquehanna Twp., Dauphin County
My Commission Expires Oct. 18, 2017
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES