# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

TONYA MICHELLE MALONE, as
Personal Representative of the Estate of
GERARD WATSON, Deceased,

    Plaintiff,

    vs.                                                                                                                                                            CIV 15-1009 MV/KBM

GARY EDEN, JACQUELINE R. FLETCHER,
CRST ESPEDITED, INC.
and XYZ CORP.,

    Defendants.

## **ORDER TO SHOW CAUSE**

**THIS MATTER** came before the Court for telephonic status conference set for today, Tuesday, May 2, 2017, at 2:30 p.m. Participants included Mark Caruso and Paul Barber for Plaintiff, Darci Carroll for Defendant Fletcher, and Lisa Chavez Ortega for Defendant CRST. Mark Klecan, counsel for Defendant Gary Eden, failed to call in as required by the Court's Order Setting a Status Conference (Doc. 78), nor could he be reached at his phone number of record.

The Court has discretionary authority under Federal Rule of Civil Procedure 16(f) to sanction a party for failing to comply with a court order. Fed. R. Civ. P. 16(f)(1)(C). "[T]here can be no doubt that subsection (f), added as part of the 1983 amendments to Rule 16, indicates the intent to give courts very broad discretion to use sanctions where necessary to insure . . . that [lawyers and parties] fulfill their high duty to insure the expeditious and sound management of the preparation of cases for trial." *Olcott v. Delaware Flood Co.*, 76 F.3d 1538, 1555 (10th Cir. 1984) (en banc)). Further the Court

may assess sanctions under its inherent power where an attorney willfully disobeys a court order. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991).

    **IT IS THEREFORE ORDERED**, that Plaintiff must show cause, in a written document to be filed with the Court no later than **TUESDAY, MAY 9, 2017,** why he should not be sanctioned for his failed to appear for the May 2, 2017 Status Conference.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE