IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TONYA MICHELLE MALONE, as
Personal Representative of the Estate of
GERARD WATSON, Deceased,

       Plaintiff,

v.                                                                      CIV 15-1009 MV/KBM

GARY EDEN, JACQUELINE R. FLETCHER,
CRST EXPEDITED, INC. and XYZ CORP.,

       Defendants.

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on Plaintiff's Motion for Discovery Sanctions Against Defendant, CRST Expedited, Inc., filed on June 23, 2017. *Doc. 84*. Having considered the record, submissions of counsel, and relevant law, the Court finds the motion will be granted in part.

**I.    Background**

This case arises from a fatal single-vehicle collision. On June 22, 2013, Mr. Gary Eden lost control of the tractor-trailer he was driving, crashing into a guardrail. *Doc. 1-A* (*Compl.*) ¶ 22; *Doc. 84* at 1. Tragically, Plaintiff Tonya Malone's 25-year-old son, Mr. Gerard Watson, was asleep in the tractor-trailer at the time of the collision and died as a result of his injuries from the accident. *Compl.* ¶¶ 21, 23-24. Ms. Malone has brought suit against Mr. Eden, Jacqueline Fletcher (the owner/operator of the tractor-trailer), and

CRST Expedited, Inc. (CRST) (the company with operating authority over Ms. Fletcher and the tractor-trailer).[1] *See Compl.*

Ms. Malone's attorney, Mr. Mark Caruso, emailed counsel for CRST on June 17, 2016, regarding scheduling the deposition of CRST's Rule 30(b)(6) corporate representative(s). *Doc. 89* at 1; *see also Doc. 89-1*. Mr. Caruso stated that "[w]e will specify the areas of inquiry in the deposition notice, . . . [h]owever, generally the areas of inquiry may include but are not limited to those listed below." *Doc. 89-1* at 1. Mr. Caruso then listed 29 topics of inquiry. *Id.* at 1-2.

Plaintiff's attorney mailed the official Notice of Rule 30(B)(6) Video Deposition of CRST Expedited, Inc. on January 13, 2017, scheduling the deposition for February 9, 2017. *See Docs. 72*; *84-A*. The Notice requests that CRST designate "one or more person(s) who have knowledge to testify with respect to the following matters[,]" and lists 29 topics, all substantively identical to the June 2016 list. *Doc. 84-A*.

CRST designated Mr. Charles Haffenden, vice president of safety, as its corporate representative. *Doc. 85* at 3. Mr. Haffenden prepared by speaking with CRST's attorney, reviewing the Notice, refreshing his memory of the facts of the case, speaking with CRST employees, and reviewing documents. *Id.* (citing *Doc. 85-2* at 13:23-14:7, 95:2-12, 106:11-107:15, 121:15-25). Mr. Haffenden testified that he spent approximately an hour and a half preparing for the deposition. *Doc. 84-B* at 14:3-7.

Plaintiff now contends that Mr. Haffenden "came to the deposition with virtually no preparation[,]" as evidenced by the fact that he allegedly "said 'I don't know' or 'I don't remember' or similar answers to [59] questions during" his three- to five-hour long

---

[1] Ms. Malone also named "XYZ Corporation," "an unknown entity [that] . . . was the employer of" either Mr. Watson, Mr. Eden, and/or Ms. Fletcher. *Compl.* ¶ 9.

deposition. *Docs. 84* at 3, 9; *85* at 4. Plaintiff asserts that Mr. Haffenden was unprepared to respond to deposition questions about three broad topic areas (training, facts surrounding the accident, and DOT application) and four more discrete topic areas (other vehicle accidents, affirmative defenses, business operations/organizations, payments and compensation to or from CRST/Fletcher). *Doc. 84* at 4-9.

Specifically, Plaintiff complains that Mr. Haffenden was unable to respond to questions regarding:

(1) the specific training Ms. Fletcher received (*Doc. 84* at 4 (citing *Doc. 84-B* at 29:3-16, 31:2-24));

(2) facts surrounding the accident, "including CRSTs position as to how and why the crash occurred, the details of the trip, and the" relationships between Fletcher, Eden, and Watson (*id.* at 5-7 (citing *Doc. 84-B* at 70:10-72:4, 78:8-15) (quotation marks omitted));

(3) the details regarding CRST's application process for DOT numbers or certificates of authority (*id.* at 7-8 (citing *Doc. 84-B* at 100:10-102:13));

(4) other accidents (*id.* at 8 (citing *Doc. 84-B* at 96:14-25, 106:9-107:16));

(5) the "facts and documents upon which" CRST bases its "contentions and set forth in affirmative defenses" (*id.* (citing *Doc. 84-B* at 70:10-72:21, 114:17-24)); and

(6) CRST's "business operations and organizations" or "payments and compensation to or from CRST and Fletcher" (*id.* (citing *Doc. 84-B* at 56:10-57:11, 66:6-14, 67:3-9)).

Plaintiff requests a variety of sanctions. *See Doc. 84*.

3

CRST counters that Mr. Haffenden "made a good-faith effort to prepare to answer questions about the noticed topics[,]" but Plaintiff did not describe the list of 29 topics with the requisite reasonable particularity. *Doc. 85* at 1. CRST also argues that Plaintiff is not entitled to sanctions. *Id.* at 4-11.

## II. Legal Standard

Rule 30(b)(6) provides:

> In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. A subpoena must advise a nonparty organization of its duty to make this designation. The persons designated must testify about information known or reasonably available to the organization. This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.

Fed. R. Civ. P. 30(b)(6). "Under Rule 30(b)(6), when a party seeking to depose a corporation announces the subject matter of the proposed deposition, the corporation must produce someone familiar with that subject." *Peshlakai v. Ruiz*, No. CIV 13-0752 JB/ACT, 2014 WL 459650, at *22 (D.N.M. Jan. 9, 2014) (quoting *Reilly v. Natwest Mkts. Grp. Inc.*, 181 F.3d 253, 268 (2d Cir. 1999) (internal citations omitted)). "To satisfy Rule 30(b)(6), the corporate deponent has an affirmative duty to make available 'such number of persons as will' be able 'to give complete, knowledgeable and binding answers' on its behalf." *Id.* (quoting *Reilly*, 181 F.3d at 268 (internal citations omitted); citing *Gulfstream Worldwide Realty, Inc. v. Phillips Elec. N. Am. Corp.*, No. 06-1165, 2007 WL 5704041, at *5 (D.N.M. Oct. 24, 2007) ("A corporation must prepare its designated representative to provide complete, knowledgeable, and binding answers on

4

the corporation's behalf.") (quotation omitted)). "The purpose behind designating a witness to represent the corporation is to prevent bandying, which is the practice of presenting employees for their depositions who disclaim knowledge of the facts known by other individuals within the organization." *Id.* (quoting *Gulfstream Worldwide Realty, Inc.*, 2007 WL 5704041, at *5 (internal quotation and quotation marks omitted)).

"A deponent under Rule 30(b)(6) has an affirmative obligation to educate himself as to the matters regarding the corporation." *Id.* (citing *Concerned Citizens v. Belle Haven Club*, 223 F.R.D. 39, 43 (D. Conn. 2004) (internal quotation and quotation marks omitted)). "This includes all matters that are known or reasonably available to the corporation. Even if the documents are voluminous and the review of the documents would be burdensome, the deponents are still required to review them in order to prepare themselves to be deposed." *Id.* (citing *Concerned Citizens*, 223 F.R.D. at 43 (internal citation omitted)).

The United States District Court for the District of Columbia has stated:

Although there is not an abundance of case law on the topic of Rule 30(b)(6), and nearly no case law in this circuit, certain principles are consistent in every court opinion to address these issues so far. First, the deponent has the duty of being knowledgeable on the subject matter identified as the area of inquiry. Clearly, a deponent that does not know about the subject matter to be inquired about is useless as a deponent at all. Second, the designating party is under the duty to designate more than one deponent if it would be necessary to do so in order to respond to the relevant areas of inquiry that are specified with reasonable particularity by the plaintiffs. Third, the designating party has a duty to prepare the witness to testify on matters not only known by the deponent, but those that should be reasonably known by the designating party. Obviously, the purpose of a Rule 30(b)(6) deposition is to get answers on the subject matter described with reasonable particularity by the noticing party, not to simply get answers limited to what the deponent happens to know. Fourth, the designating party has a duty to substitute an appropriate deponent

> when it becomes apparent that the previous deponent is unable to respond to certain relevant areas of inquiry.

*Id.* (quoting *Alexander v. FBI*, 186 F.R.D. 137, 141 (D.D.C. 1998) (internal and subsequent citations omitted)).

The corporate designee "has a duty 'to prepare those persons in order that they can answer fully, completely, unevasively the questions posed . . . as to the relevant subject matters.'" *Id.* (quoting *United States v. Magnesium Corp. of Am.*, No. 2:01-CV-40DB, 2006 WL 6924985, at *4 (D. Utah, Nov. 27, 2006) (internal quotation omitted)). "Such preparation requires a good faith effort [by] the designate to find out the relevant facts—to collect information, review documents, and interview employees with personal knowledge." *Id.* (quoting *Magnesium Corp. of Am.*, 2006 WL 6924985, at *4 (internal quotation and quotation marks omitted)).

## II. Analysis

The Court will grant Plaintiff's motion in part. As Judge Browning noted in *Peshlakai*, the proper mechanism "to address . . . Plaintiff's dissatisfaction with the yield from [CRST's] first rule 30(b)(6) deposition" is not sanctions, but "a motion to compel under rule 37." 2014 WL 459650, at *25. Therefore, Plaintiff may notice a second Rule 30(b)(6) deposition, describing with the requisite particularity the topics the representative will be expected to testify about. Plaintiff shall refrain from asking "the same questions [she] asked in the prior deposition, and to which [she] received substantive answers, in the mere hope that [CRST] will give a different answer." *See id.*

Plaintiff's Notice was broad enough to give CRST the requisite notice in several areas on which Mr. Haffenden failed to competently testify. For example, item 20 asked

6

for "details of the relationships between the defendant CRST Expedited,[ ]Inc. and Jacqueline Fletcher, including the driver's qualifications, *training*, supervision, and any disciplinary actions." *Doc. 84-A* ¶ 20 (emphasis added). Yet, when asked about what type of training Ms. Fletcher received, Mr. Haffenden admitted that he had not reviewed her file to prepare for the deposition. *Doc. 84-B* at 29:3-16. Similarly, Mr. Haffenden was unable to recall any information about other vehicle accidents, despite the fact that item number 10 requested general information about other accidents in the three years before the accident in this Complaint. *See Docs. 84-A* ¶ 10; *84-B* at 96:14-25, 106:9-107:16. The Court notes, however, that item number 10 is overly broad, and Plaintiff should take care to be more specific on what information the corporate representative can expect questions.

If Plaintiff chooses to notice a second Rule 30(b)(6) deposition and the number of topics is too broad for Mr. Haffenden (or another corporate representative) to recall, then CRST must take steps to ensure that it fulfills its obligations under the Rule, such as designating more than one corporate representative.

> A good rule 30(b)(6) deposition – from both parties' standpoints – requires cooperation. There is little room for hiding the ball at this stage. The rules of engagement are relatively demanding. The corporation must produce fully prepared and knowledgeable witnesses on the topics designated, but the questioning party must be specific in what it wants to know – before the deposition day. If the questioning party wants a prepared witness, the questioning party must help the witness prepare.

*Peshlakai*, 2014 WL 459650, at *25. "If the designated deponent cannot answer [the] questions" that have been described with the requisite particularity, "then the corporation has failed to comply with its Rule 30(b)(6) obligations and may be subject to sanctions, etc." *Starlight Int'l Inc. v. Herlihy*, 186 F.R.D. 626, 638 (D. Kan. 1999)

7

(quoting *King v. Pratt & Whitney*, 161 F.R.D. 475, 476 (S.D. Fla. 1995)). "The corporation has an affirmative duty to produce a representative who can answer questions that are both within the scope of the matters described in the notice and are 'known or reasonably available' to the corporation." *Id.* (quoting *King*, 186 F.R.D. at 476).

The Court declines to grant sanctions, because it agrees that Plaintiff failed to describe with particularity some of the 29 topics in her notice. *See Doc. 85* at 3. It is telling that in June 2016, Mr. Caruso said the deposition would "*generally* [cover] the areas of inquiry . . . listed below" and promised to later "*specify* the areas of inquiry in the deposition notice . . . ." *Doc. 89-1* at 1 (emphasis added). Yet the official Notice did nothing to more particularly describe some of the broad topics of inquiry Plaintiff planned to make. *Compare Doc. 84-1*, *with Doc. 89-1*. For example, item number 17 sought "CRST Expedited, Inc.'s application for or acquisition of U.S. DOT numbers or certificates of authority." *Doc. 84-A* ¶ 17. Mr. Haffenden was able to answer general questions about this process, which took place in 1955, but could not answer more specific questions. *See Doc. 84-B* at 11:2-9, 100:10-102:13. If Plaintiff wanted more details about how exactly that process happened 62 years ago, Plaintiff should have made a document request or more specifically identified the areas of inquiry in her Notice.

Plaintiff describes the "facts leading up to and surrounding the crash described in the Complaint" as a "major point of inquiry" (*Doc. 84* at 5), but only generally asked for "the facts leading up to and surrounding the incident described in the complaint" and "[t]he details of the trip which involved the crash that is the subject of this litigation."

*Doc. 84-A* ¶¶ 6, 19. In her Motion, Plaintiff explains that the facts "important to plaintiff[']s case include the origin of the shipments, the route taken, the point at which Eden became a passenger, as well as stops along the route including those in the hour leading up to the fatal crash." *Doc. 84* at 5-6. It would have been a simple matter to specify those discrete areas with particularity in the Notice. *See Doc. 84-A*.

Plaintiff also complains that Mr. Haffenden "was unable to answer basic questions about [CRST's] business operations and organizations and could not answer questions about payments and compensation to or from CRST and Fletcher." *Doc. 84* at 8 (citing *Doc. 84-B* at 56:10-57:11, 66:6-14, 67:3-9). In this portion of the deposition, Plaintiff asked Mr. Haffenden about very specific legal terms and relationships, such as leasing and subleasing, from documents evidently in Plaintiff's possession. The Court is unconvinced these were legitimate questions for a deposition, but they were certainly not sufficiently described in the Notice.

Finally, Plaintiff objects to defense counsel's "reptile" objection. *Doc. 84* at 9. The Court found information on this objection through a quick Google search. *See*, *i.e.*, John Wilinski & Christina Marinaks, *The Reptile Brain Strategy: Why Lawyers Use it and How to Counter it*, Litigation Insights (Mar. 3, 2016), http://litigationinsights.com/case-strategies/reptile-brain-strategy-lawyers-how-to-counter/. The Court encourages defense counsel to simply explain the reference in future depositions, rather than to confuse opposing counsel with an ambiguous objection.

### III.     Conclusion

Plaintiff may Notice a second Rule 30(b)(6) deposition. Plaintiff shall send any revised Notice no later than October 20, 2017, and conduct the deposition no later than

Tuesday, November 10, 2017. Plaintiff's motion is denied with respect to any other sanctions, including costs and fees. Finally, in granting leave to conduct a second Rule 30(b)(6) deposition, the Court is not approving the extension of any other deadline in this case.

**IT IS SO ORDERED.**

_____
UNITED STATES CHIEF MAGISTRATE JUDGE