IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

|  |  |
|---|---|
| TONYA MICHELLE MALONE, as Personal Representative of the Estate of GERARD WATSON, Deceased,<br><br>Plaintiff,<br><br>vs.<br><br>GARY EDEN, JACQUELINE R. FLETCHER, CRST EXPEDITED, INC., and XYZ CORP.,<br><br>Defendants. | No. 1:15-cv-01009-PJK-KBM |

MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT CRST EXPEDITED INC.'S MOTION
FOR SUMMARY JUDGMENT

THIS MATTER is before the court on (1) Defendant CRST Expedited Inc.'s (CRST) Motion for Summary Judgment filed July 21, 2017 (ECF No. 86); (2) CRST's Motion for Partial Summary Judgment on Plaintiff's Claim of Vicarious Liability for the Actions of Jacqueline Fletcher filed July 21, 2017 (ECF No. 87); (3) CRST's Motion for Partial Summary Judgment on Plaintiff's Claim for Punitive Damages filed July 21, 2017 (ECF No. 88); (4) CRST's Motion to Exclude Portions of the Testimony of Whitney G. Morgan filed May 14, 2018 (ECF No. 106); (5) Plaintiff's Motion to Strike or, in the Alternative, for Leave to File Motion filed May 29, 2018 (ECF No. 107); and (6)

Plaintiff's Motion for Extension of Time filed May 29, 2018 (ECF No. 108). Upon consideration thereof, the court finds that CRST's initial motion for summary judgment is well taken and should be granted; the remaining motions should be denied as moot.[1]

**Background**

In this wrongful death case removed to federal court, Plaintiff, the personal representative of the Estate of Gerard Watson, Deceased, seeks compensatory and punitive damages associated with a commercial motor vehicle accident that occurred on June 22, 2013, resulting in the death of Mr. Watson.

Defendant Jacqueline Fletcher had an independent contractor agreement with Defendant CRST to operate a commercial vehicle on CRST's behalf, and Mr. Watson was her employee. Def.'s Mot. Summ. J. at 2 (ECF No. 86). Ms. Fletcher and Mr. Watson were driving a truck under lease from CRST, transporting cargo to Ontario, California. Id. at 1–2. At some point during the trip, Ms. Fletcher picked up her father, Gary Eden, and planned to drop him off at his home in Phoenix, Arizona, on their way to California. Id. Ms. Fletcher did not inform CRST of her plans to pick up her father as a passenger, and she did not seek permission for his presence in the truck, in violation of her operating agreement with CRST.[2] Id.

---

[1] This case was transferred to the undersigned in January 2019.
[2] The agreement provided, in relevant part: "In accordance with 49 C.F.R. § 392.80(a), Contractor shall not allow any passengers (other than team co-drivers) to ride in the Equipment unless Carrier authorizes it in writing in advance." Def.'s Mot. Summ. J., Ex. A (ECF No. 86-1).

Early on the morning of June 22, the truck was involved in a single-vehicle accident near Grants, New Mexico.  Id.  At the time of the accident, Ms. Fletcher was logged as the operator of the truck and Mr. Watson was asleep in the truck's bunk bed.  Id.  Ms. Fletcher, however, was not the driver during the crash — her father was driving and caused the accident when he lost control of the truck.  Id. at 2.  Ms. Fletcher's operating agreement with CRST specifically prohibited her from permitting an unauthorized third party to operate the truck.[3]  Def.'s Mot. Summ. J., Ex. A (ECF No. 86-1); Def.'s Mot. Summ. J. at 2.  Mr. Watson suffered severe injuries in the crash and died at the scene of the accident.  Def.'s Mot. Summ. J. at 2.

Mr. Watson's mother, as the personal representative of Mr. Watson's estate, sued Ms. Fletcher, Mr. Eden, and CRST for his wrongful death on October 1, 2015.[4]  Complaint at 1 (ECF No. 1-1).  CRST removed the case from New Mexico state court on November 6, 2015.  Def.'s Notice of Removal (ECF No. 1).

Six motions are currently pending before the court.  On July 21, 2017, CRST filed a motion for summary judgment on all of Plaintiff's claims against it.  (ECF No. 86).  That same day, as an alternative to a comprehensive summary judgment order, CRST filed two alternative motions for partial summary judgment — one on the issue of Plaintiff's vicarious liability claim against CRST, and another on the issue of Plaintiff's

---

[3]  The agreement provided, in relevant part: "Contractor agrees not to permit any passenger to operate or be in charge of the Equipment at any time for any purpose whatsoever."  Def.'s Mot. Summ. J., Ex. A.
[4]  Plaintiff also sued "XYZ Corp.," which is an unknown and fictitious entity.  Def.'s Notice of Removal at 3 (ECF No. 1).

punitive damages claim against CRST. (ECF Nos. 87 & 88). On May 14, 2018, CRST filed a motion to exclude at trial portions of the testimony of plaintiff's witness Whitney G. Morgan. (ECF No. 106). CRST filed a reply on June 13, 2018, noting Plaintiff's failure to file a response to its motion to exclude. (ECF No. 111). While Plaintiff did not file a response to CRST's motion to exclude testimony, Plaintiff did file two relevant motions. On May 29, 2018, Plaintiff filed a motion to strike CRST's motion to exclude, or in the alternative a motion for leave to file a motion for partial summary judgment. (ECF No. 107). Plaintiff also filed a motion for extension of time to respond to CRST's motion to exclude testimony until after the court rendered a decision on the motion to strike. (ECF No. 108).

**Discussion**

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In applying this standard, the court views the evidence in the light most favorable to the nonmoving party. Gutierrez v. Cobos, 841 F.3d 895, 900 (10th Cir. 2016).

As for the substantive law governing the motion, a federal district court sitting in diversity applies the choice of law rules of the forum jurisdiction — here, New Mexico state law. See MidAmerica Constr. Mgmt., Inc. v. MasTec N. Am., Inc., 436 F.3d 1257, 1260 (10th Cir. 2006). Under New Mexico choice of law rules, the substantive law

4

governing a tort action is the law of the place where the wrong occurred. See Terrazas v. Garland & Loman, Inc., 142 P.3d 374, 377 (N.M. Ct. App. 2006); see also Restatement (First) of Conflict of Laws § 378 (Am. Law Inst. 1934) ("The law of the place of wrong determines whether a person has sustained a legal injury."). Here, there is no dispute that the place of wrong is New Mexico, and so New Mexico tort law governs.

### A. CRST's Motion for Summary Judgment

CRST moved for summary judgment contending that there is no factual basis for Plaintiff's claims with a statement of nine undisputed material facts. Plaintiff did not controvert these facts, hence they are undisputed. Fed. R. Civ. P. 56(e)(2); D.N.M.LR-Civ. 56.1(b) ("All material facts set forth in the [movant's] Memorandum will be deemed undisputed unless specifically controverted."). Thus, Ms. Fletcher was an independent contractor driver, and CRST had no knowledge that Mr. Eden was a passenger or the driver at the time of the accident. Moreover, CRST never entered into an employment or leasing relationship with Mr. Eden and the leasing relationship between CRST and Ms. Fletcher expressly provided that she would not permit passengers to operate or be in charge of the equipment.

Plaintiff contends that CRST is liable for the injuries to Mr. Watson for three reasons. Pl.'s Resp. at 5–11 (ECF No. 93). First, Mr. Eden was a "statutory employee" of CRST for purposes of the Federal Motor Carrier Safety Regulations (FMCSR). Second, CRST is liable for its own negligence when it hired Ms. Fletcher as an

5

independent contractor and trained her. Third, Ms. Fletcher was acting within the scope of her (statutory) employment when she entrusted the truck to her father Mr. Eden, and therefore CRST is vicariously liable for the negligent entrustment to Mr. Eden and the injuries that entrustment caused. CRST argues that on the undisputed facts, Plaintiff's claims against CRST fail as a matter of law. CRST responds that Mr. Eden clearly was not an employee of CRST for the purposes of the regulations, CRST was not negligent in its own right, and CRST cannot be held liable for the successive entrustment of the vehicle by Ms. Fletcher to Mr. Eden. The court agrees with CRST.

First, Mr. Eden was not a "statutory employee" for the purposes of the regulations. Ms. Malone quotes the definition of an employee under § 390.5 as "a driver of a commercial vehicle," and the definition of a driver as "any person who operates any commercial vehicle." Pl.'s Resp. at 5 (quoting 49 C.F.R. § 390.5). Her selective quotation, however, is misleading. The full definition from the regulation provides:

> Employee means any individual, other than an employer, who *is employed by an employer* and who *in the course of his or her employment* directly affects commercial motor vehicle safety. Such term *includes a driver* of a commercial motor vehicle (*including an independent contractor* while in the course of operating a commercial motor vehicle) . . . .

49 C.F.R. § 390.5 (emphasis added). Read in context, for one to be an employee, one must be employed by an employer; and included among the class of employees are employed drivers or independent contractors working as drivers. Mr. Eden is not converted into a statutory employee merely because he was in control of the vehicle at the time of the crash and was literally a "driver." Ms. Fletcher, as an independent

6

contractor of CRST, would obviously have been a statutory employee in the event of a collision. But CRST had no knowledge of Mr. Eden's presence in the truck and did not entrust the truck to him. In sum, Mr. Eden cannot be a "statutory employee" for purposes of the regulations; the regulation does not impose strict liability. Plaintiff's expert opinion to the contrary is both inadmissible and incorrect.

Second, Plaintiff lacks evidence that CRST was negligent in its own right. Not only does Plaintiff's "Additional Statement of Facts" not controvert CRST's statement of undisputed facts, it also recites facts that are either immaterial or overstatements of the evidence. See Pl.'s Resp. at 2–4. For example, for the proposition that "CRST had opportunities to observe and know Gary Eden was a passenger in the truck," Plaintiff cites Mr. Eden's deposition. Id. at 2. Mr. Eden testified in his deposition that he had walked around a CRST facility — though he could not recall where — and "guessed" that Ms. Fletcher might have said CRST was aware of his presence. See Pl.'s Resp., Ex. A at 15. But plain and simple this does not address CRST's knowledge or conduct. Ms. Fletcher's opinion that she saw nothing wrong with having her father as a passenger cannot be imputed to CRST. See Pl.'s Resp., Ex. B at 18. And, as for the lack of training theory, the court agrees with CRST that there simply is no factual basis to suggest that a lack of training (even assuming more training was advisable) contributed to Ms. Fletcher's decision to violate the contract and allow Mr. Eden to operate the truck.

Third, Plaintiff cannot establish a claim for negligent entrustment against CRST for Mr. Eden's actions because CRST never entrusted the truck to him. Mr. Eden

7

specifically testified that he did not receive permission from CRST. Given this obvious problem, Plaintiff contends that CRST negligently hired and failed to train Ms. Fletcher about the requirement that Mr. Eden couldn't be a passenger, and that this negligence ultimately resulted in Mr. Eden being a driver. Pl.'s Resp. at 8. Again, no significantly probative evidence suggests that Ms. Fletcher's hiring or alleged lack of training contributed to the collision here where an unlicensed, unauthorized, and unqualified driver operated the motor vehicle. Ms. Fletcher had no authority under her agreement with CRST to entrust the vehicle to Mr. Eden and plainly acted outside the course and scope of her (statutory) employment. The agreement specifically provided: "Contractor agrees not to permit any passenger to operate or be in charge of the Equipment at any time for any purpose whatsoever." Def.'s Mot. Summ. J., Ex. A.

That is not the only infirmity with this claim against CRST. A claim that CRST is liable, not for its initial entrustment of a vehicle to Ms. Fletcher, but for Ms. Fletcher negligently entrusting the vehicle to Mr. Eden, is a paradigmatic suit for successive entrustment. And as CRST correctly notes, New Mexico does not recognize liability for successive entrustment. See Amparan v. Demir, 234 F. Supp. 3d 1110, 1119 (D.N.M. 2017) ("New Mexico law does not recognize a cause of action for negligent entrustment based on multiple, successive entrustments . . . ."). This is particularly true where a plaintiff has not made a showing that the initial entrustment in the chain was itself negligent. Ms. Fletcher's decision to entrust the truck to Mr. Eden is a break in the chain of responsibility, and it precludes suit against CRST for Mr. Eden's negligence.

For the foregoing reasons, CRST's motion for summary judgment should be granted on all claims.

### C. CRST's Motions for Partial Summary Judgment and Motion to Exclude Testimony

Because the court will grant comprehensive summary judgment in favor of CRST, the motions for partial summary judgment and the motion to exclude portions of witness testimony at trial are now moot. Each of those motions should be denied as moot.

### D. Plaintiff's Motion to Strike or, in the Alternative, for Leave to File a Motion; Plaintiff's Motion for Extension of Time to File

Because the court will grant summary judgment in favor of CRST, and because CRST's Motion to Exclude Testimony should be denied as moot, Plaintiff's motions responding to CRST's motion to exclude are also moot. Each of these motions should be denied as moot.

NOW, THEREFORE, IT IS ORDERED that:

(1) Defendant CRST Expedited Inc.'s (CRST) Motion for Summary Judgment filed July 21, 2017 (ECF No. 86) is granted;

(2) CRST's Motion for Partial Summary Judgment on Plaintiff's Claim of Vicarious Liability for the Actions of Jacqueline Fletcher filed July 21, 2017 (ECF No. 87) is denied as moot;

(3) CRST's Motion for Partial Summary Judgment on Plaintiff's Claim for Punitive Damages filed July 21, 2017 (ECF No. 88) is denied as moot;

(4) CRST's Motion to Exclude Portions of the Testimony of Whitney G. Morgan filed May 14, 2018 (ECF No. 106) is denied as moot;

(5) Plaintiff's Motion to Strike or, in the Alternative, for Leave to File Motion filed May 29, 2018 (ECF No. 107) is denied as moot; and

(6) Plaintiff's Motion for Extension of Time filed May 29, 2018 (ECF No. 108) is denied as moot.

.

DATED this <u>17th</u> day of January 2019, at Santa Fe, New Mexico.

<u>/s/ Paul Kelly, Jr.</u>
United States Circuit Judge
Sitting by Designation

Counsel:

Mark J. Caruso and David E. Shelle, Caruso Law Offices P.C., Albuquerque, New Mexico, and Paul D. Barber and Nathan S. Anderson, Barber & Borg LLC, Albuquerque, New Mexico, for Plaintiff.

Lisa Chavez Ortega, Rodey Dickason Sloan Akin & Robb, Albuquerque, New Mexico, for Defendant CRST.