UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TONYA MICHELLE MAHONE, as
Personal Representative of the Estate of
GERARD WATSON, Deceased,

    Plaintiff,

v.

GARY EDEN, JACQUELINE R.
FLETCHER, and CRST EXPEDITED,
INC.,

    Defendants.

No. 1:15-cv-01009-PJK-KBM

### ORDER ON PENDING MOTIONS[*]

THIS MATTER is before the court on various pretrial motions.

- Plaintiff Tonya Michelle Mahone's Motion to Amend Pretrial Order to Conform to the Evidence filed June 17, 2019 (ECF No. 153).

- Defendant Jacqueline R. Fletcher's Motion in Limine to Exclude Any Reference to Vicarious Liability filed June 14, 2019 (ECF No. 150).

- Defendant Jacqueline R. Fletcher's Motion in Limine to Exclude Plaintiff's Deposition Designation of Ms. Fletcher filed June 17, 2019 (ECF No. 152).

---

[*] Defendant Jacqueline R. Fletcher's Motion in Limine to Exclude Testimony of Whitney G. Morgan Regarding Ms. Fletcher filed June 24, 2019 (ECF No. 175) remains pending. The court will address this motion at the July 1, 2019 Pretrial Conference (ECF No. 169).

- Defendant Jacqueline R. Fletcher's Motion in Limine Regarding Plaintiff's Punitive Damages Claim filed June 17, 2019 (ECF No. 155).

- Defendant Jacqueline R. Fletcher's Omnibus Motion in Limine filed June 17, 2019 (ECF No. 154).

- Plaintiff Tonya Michelle Mahone's Motion in Limine to Prevent Defendants From Claiming Poverty or Inability to Pay a Judgment filed June 21, 2019 (ECF No. 171).

- Plaintiff Tonya Michelle Mahone's Motion in Limine to Prevent Defendants from Making Any Reference to Post Mortem Communication with Gerard Watson filed June 21, 2019 (ECF No. 172).

- Plaintiff Tonya Michelle Mahone's Motion in Limine to preclude reference to Mr. Watson's usage or non-usage of seat belts or other restraint systems, and to preclude reference of her earlier allegations against CRST Expedited, Inc. filed June 24, 2019 (ECF No. 177).

Given the pendency of trial and the straightforward nature of the issues, the court will rule based upon the motions and responses; replies are unnecessary. Counsel are reminded of the requirement that counsel confer with opposing counsel before filing motions to ascertain whether the motion is opposed — several of the requests in these motions were unopposed. D.N.M.LR-Cv. 7.1(a). Upon consideration thereof,

(1) <u>Vicarious Liability Theory and Amending the Pretrial Order.</u> Ms. Fletcher's Motion in Limine to Exclude Any Reference to Vicarious Liability filed June 14, 2019 (ECF No. 150) is well taken and should be granted. By the same token, Ms. Mahone's

Motion to Amend the Pretrial Order (ECF No. 153) is not and should be denied. Ms. Mahone seeks to present evidence that both Gary Eden and Gerard Watson were Ms. Fletcher's "statutory employees" such that Ms. Fletcher was vicariously liable for any negligence of either Mr. Eden or Mr. Watson. She has proposed jury instructions that require finding Ms. Fletcher liable upon a finding that Mr. Watson and Mr. Eden were Ms. Fletcher's "statutory employees" acting within the scope of their employment. Pl.'s Requested Jury Instr. Nos. 17, 17 (alternate) & 21 (ECF No. 148). She has also moved to amend the Pretrial Order to add that both Mr. Watson and Mr. Eden were Ms. Fletcher's statutory employees. Pl.'s Mot. Amend Pretrial Order 6 (ECF No. 153). She similarly includes this theory in her Proposed Statement of the Case. ECF No. 164. Defendant Eden supports the motion to amend the Pretrial Order. ECF No. 168.

Ms. Fletcher argues that these vicarious-liability-based-upon-employment claims were not contained in the Complaint, nor the Pretrial Order, and that discovery did not encompass such claims. Def.'s Vicarious Liability Mot. Limine 4–5. Accordingly, Plaintiff should not be able to pursue them at trial. Fed. R. Civ. P. 16(e); Wilson v. Muckala, 303 F.3d 1207, 1215–1216 (10th Cir. 2002); Fed. R. Evid. 403.

Under New Mexico law, negligent entrustment is not a theory of vicarious liability, but rather is a cause of action in negligence against a person who entrusts personal property to a reckless individual. Gabaldon v. Erisa Mortg. Co., 949 P.2d 1193, 1203 (N.M. Ct. App. 1997), overruled on other grounds by Gabaldon v. Erisa Mortg. Co., 990 P.2d 197 (N.M. 1999). The Complaint contained both theories. However, Ms. Mahone only sought to hold CRST Expedited, Inc. vicariously liable for the negligence

3

of both Mr. Eden and Ms. Fletcher.† See Compl. 4–9 (ECF No. 1-1). Her claim against Ms. Fletcher was clearly one of negligent entrustment: that Ms. Fletcher breached her duty to ensure the safe operation of her vehicle when she permitted Mr. Eden, whom she knew was taking medication and lacked a valid commercial driver's license, to drive. Id. at ¶¶ 37–39. And, although Ms. Mahone alleged Ms. Fletcher had "supervisory control" over Mr. Watson, id. at ¶ 20, she did not allege that Mr. Eden was similarly under Ms. Fletcher's control, nor did she allege Ms. Fletcher was vicariously liable for Mr. Watson's actions, whom she alleged was asleep and unaware of Mr. Eden's driving. Id. at ¶ 21. Similarly, although she argues in the Pretrial Order that CRST was vicariously liable for Ms. Fletcher's actions, she does not allege a theory of respondeat superior as to Ms. Fletcher and either Mr. Eden or Mr. Watson.

Accordingly, after reviewing the Complaint, the Pretrial Order, and the course of proceedings, Ms. Mahone's attempt to introduce evidence to establish a statutory employment relationship expands her theory of the case at the eleventh hour. Claims omitted from the Pretrial Order are not part of the case. Gowan v. United States Dep't of Air Force, 148 F.3d 1182, 1192 (10th Cir. 1998). The parties engaged in discovery for over one year, which concluded in June 2017. See Order (ECF No. 80). Ms. Fletcher

---

† On January 17, 2019, this court granted summary judgment in favor of CRST, holding that (1) Mr. Eden was not a "statutory employee" of CRST for the purposes of the Federal Motor Carrier Safety Regulations (FMCSR), (2) CRST was not negligent in hiring Ms. Fletcher as an independent contractor or in training her, and (3) CRST cannot be held successively liable for Ms. Fletcher's alleged negligent entrustment of her vehicle. See generally Mahone v. Eden, No. 1:15-cv-01009-PJK-KBM, 2019 WL 251732 (D.N.M. Jan. 17, 2019).

4

lacked opportunity to investigate and develop a defense on this new theory, let alone obtain evidence and possibly engage in motion practice.

Ms. Mahone tacitly acknowledges in her Motion to Amend the Pretrial Order (ECF No. 153) that theories of vicarious liability expand the scope of the pleadings and Pretrial Order, but she argues Ms. Fletcher "took liberties with the Pretrial Order" and "greatly expand[ed] the scope of her pleadings" without allowing Ms. Mahone the opportunity to object. Mot. to Amend 2, 4. She therefore requests to amend the Pretrial Order pursuant to Fed. R. Civ. P. 15(b)(1) to add that both Gerard Watson and Gary Eden were, "[a]t all material times . . . statutory employee[s] of defendant Fletcher and [were] acting within the course and scope of [their] employment." Id. at 6. Her request should be denied for the following reasons.

First, Ms. Fletcher's contentions in the Pretrial Order did not expand the scope of the pleadings. Ms. Mahone argues Ms. Fletcher altered her pleadings by offering contentions that (1) were not in her Answer, (2), were contrary to discovery, or (3) raised new legal issues. Fed. R. Civ. P. 15(b)(1) allows for amendment to conform the pleadings to evidence <u>at trial</u> absent prejudice to the non-movant. <u>Moncrief v. Williston Basin Interstate Pipeline Co.</u>, 174 F.3d 1150, 1163 (10th Cir. 1999). Though Fed. R. Civ. P. 15(a)(2) provides that leave to amend should be freely given when justice so requires, leave to amend may be denied when the request is untimely and would prejudice an opposing party, which is plainly the case here. See <u>Duncan v. Manager, Dep't of Safety, City & Cty. of Denver</u>, 397 F.3d 1300, 1315 (10th Cir. 2005). Suffice it to say that Ms.

Mahone could not meet the higher standard under Fed. R. Civ. P. 16(e), which permits amendment of the pretrial order "only to prevent manifest injustice."

The court disagrees that Ms. Fletcher expanded the legal theories of the case when she completed her portion of the Pretrial Order.  In the absence of CRST as a party, the central two questions are, and have always been, whether Mr. Eden was negligent or negligent per se in driving the vehicle, and whether either Mr. Watson or Ms. Fletcher was negligent or negligent per se in allowing Mr. Eden to drive.  See Pretrial Order 4–5 (Plaintiff's claims), 6–7 (Stipulated Factual Contentions), 7–12 (Plaintiff's Contentions). Ms. Fletcher contends in the Pretrial Order that she entrusted operation of the vehicle to Mr. Watson, and that she did not permit Mr. Eden to drive, nor could she have anticipated his driving.  Pretrial Order ¶¶ 6–7, 14 (ECF No. 135).  These contentions do not alter the legal theory of the case, but rather they speak to its very essence — that is, whether Ms. Fletcher negligently entrusted her vehicle to Mr. Eden.  It is for the jury to resolve these factual disputes.

Moreover, the argument that Ms. Mahone lacked opportunity to object to the Pretrial Order is unavailing.  Defendants submitted a copy of a proposed Pretrial Order to the court electronically on March 1, 2019 and copied all parties.  The court also circulated that same draft of the Pretrial Order on March 15, 2019 to all remaining counsel because the signature of one of the lawyers was missing.  Thereafter, the court revised the Pretrial Order and filed it on March 22, 2019.  Id.  The court also held a status conference with counsel on April 25 and supplemented the Pretrial Order (on another matter) the next day at the request of the counsel.  ECF No. 143

6

The court recognizes that Mr. Eden supports Ms. Mahone's efforts to amend the Pretrial Order. ECF No. 168. Mr. Eden argues that (1) the evidence will confirm that Mr. Eden was a statutory employee of Ms. Fletcher, (2) fairness should permit Ms. Mahone to present this statutory employee theory given that the court granted summary judgment to CRST, and (3) given a trial date of July 8, Ms. Fletcher would have sufficient time to consider and research the effect of this theory. Suffice it to say, none of these reasons is persuasive. Merely because CRST is out of the case does not warrant allowing Ms. Mahone to raise another claim against another defendant. Mr. Eden's view of the evidence (and workload of defense counsel) probably is not the view shared by Ms. Fletcher. Indeed, Ms. Fletcher's counsel (who is in the best position to know) would require a continuance to get ready for such a pivot.

In the end, the court agrees with Ms. Fletcher that any reference to vicarious liability should be excluded, and that Ms. Mahone should not be allowed leave to amend the Complaint or the Pretrial Order to include such a legal theory or theories.

(2) <u>Ms. Fletcher's Deposition.</u> Ms. Fletcher's Motion in Limine to Exclude Plaintiff's Deposition Designation of Ms. Fletcher filed June 17, 2019 (ECF No. 152) is not well taken and should be denied. As Ms. Mahone notes, pursuant to Fed. R. Civ. P. 32, "[a]n adverse party may use for any purpose the deposition of a party." Fed. R. Civ. P. 32(a)(3); <u>see</u> Pl.'s Resp. 1 (ECF No. 167). The deposition may be introduced as substantive evidence, even if the deponent is available to testify, <u>King & King Enters. v. Champlin Petrol. Co.</u>, 657 F.2d 1147, 1164 (10th Cir. 1981), although it is within the court's sound discretion to exclude its introduction. <u>Coletti v. Cudd Pressure Control</u>,

165 F.3d 767, 773 (10th Cir. 1999). Ms. Fletcher argues any probative value of her deposition testimony will be substantially outweighed by the harms articulated in Fed. R. Evid. 403. At this juncture, the court sees no reason to exclude Ms. Fletcher's deposition testimony on such speculative grounds. To the extent Ms. Fletcher has specific objections at trial, she may raise them at that time.

(3) Punitive Damages References. Ms. Fletcher's Motion in Limine Regarding Plaintiff's Punitive Damages Claim filed June 17, 2019 (ECF No. 155) is well taken and should be granted. The danger of unfair prejudice in the premature mention of punitive damages is apparent. Fed. R. Evid. 403.

(4) "Victim" References. Ms. Fletcher's motion to exclude references, arguments, testimony, or comments referring to "Plaintiff" — a term the court construes to mean Mr. Watson — as a "victim" or other words to that effect, contained within her Omnibus Motion in Limine filed June 17, 2019 (ECF No. 154), is well taken and should be granted. The advisory committee's note to Rule 403 warns against introduction of evidence that tends to lead to an emotional or biased jury decision. Fed. R. Evid. 403 advisory committee's note; see also Stump v. Gates, 211 F.3d 527, 534 (10th Cir. 2000); Sec. & Exch. Comm'n v. Goldstone, 317 F.R.D. 147, 163 (D.N.M. 2016). Reference to Mr. Watson as a "victim" carries a substantial risk of eliciting an emotional response from the jury. The parties should instead refer to him by his name or as the "deceased."

(5) Pleas to the Jury. Similarly, Ms. Fletcher's motion to prevent litigants from asking the jury to "send a message," to act as "the conscience of the community," or to stand in the shoes of Plaintiff (the "Golden Rule"), contained within her Omnibus Motion

in Limine filed June 17, 2019 (ECF No. 154), is well taken and should be granted. Although her motion is anticipatory, she is correct that such entreaties to the jury are improper under Rule 403.  See United States v. Rogers, 556 F.3d 1130, 1143 (10th Cir. 2009); Blevins v. Cessna Aircraft Co., 728 F.2d 1576, 1580 (10th Cir. 1984); Malandris v. Merrill Lynch, Pierce, Fenner & Smith Inc., 703 F.2d 1153, 1183 (10th Cir. 1981).

(6)  References to Witnesses Not Called.  Ms. Fletcher's motion to preclude any reference, evidence of, or argument as to witnesses not called, contained within her Omnibus Motion in Limine filed June 17, 2019 (ECF No. 154), is well taken and should be granted.  A party's decision to call or not to call a witness simply is not relevant and invites the jury to speculate.  Fed. R. Evid. 401.  All parties are thus precluded from any such reference.

(7)  Settlement Offer References.  The court agrees that Fed. R. Evid. 408 prohibits introduction of evidence of a settlement offer between the parties.  Although the parties have not indicated they intend to offer such evidence, they are nevertheless precluded from doing so.  Ms. Fletcher's motion to preclude such evidence, contained within her Omnibus Motion in Limine filed June 17, 2019 (ECF No. 154), is well taken and should be granted, subject to Rule 408's limited exceptions for admissibility.  Fed. R. Evid. 408(b).

(8)  Liability Insurance References.  The court also agrees that Fed. R. Evid. 411 prohibits introduction of evidence of a defendant's liability insurance that may cover alleged damages as substantive evidence of negligence.  Although speculative and anticipatory, Ms. Fletcher's motion to preclude reference to her liability insurance,

contained within her Omnibus Motion in Limine filed June 17, 2019 (ECF No. 154), is well taken and should be granted, subject to Rule 411's permitted purposes for the introduction of such evidence.

(9) <u>Poverty and Post-Mortem References.</u> Both Ms. Mahone's Motion in Limine to Prevent Defendants from Claiming Poverty or Inability to Pay a Judgment filed June 21, 2019 (ECF No. 171) and her Motion in Limine to Prevent Defendants from Making Any Reference to Post Mortem Communication with Gerard Watson filed June 21, 2019 (ECF No. 172) are unopposed and should be granted.

(10) <u>Seat Belt (Restraint) References.</u> Ms. Mahone's Motion in Limine to preclude reference to Mr. Watson's usage or non-usage of seat belts or other restraint systems, and to preclude reference to her earlier allegations against CRST Expedited, Inc. filed June 24, 2019 (ECF No. 177) is also unopposed and should be granted.

NOW, THEREFORE, IT IS ORDERED that:

(1) Plaintiff Tonya Michelle Mahone's Motion to Amend Pretrial Order to Conform to the Evidence filed July 17, 2019 (ECF No. 153) is denied;

(2) Defendant Jacqueline R. Fletcher's Motion in Limine to Exclude Any Reference to Vicarious Liability filed June 14, 2019 (ECF No. 150) is granted;

(3) Defendant Jacqueline R. Fletcher's Motion in Limine to Exclude Plaintiff's Deposition Designation of Ms. Fletcher filed June 17, 2019 (ECF No. 152) is denied;

(4) Defendant Jacqueline R. Fletcher's Motion in Limine Regarding Plaintiff's Punitive Damages Claim filed June 17, 2019 (ECF No. 155) is granted;

(5) Defendant Jacqueline R. Fletcher's Omnibus Motion in Limine filed June 17, 2019 (ECF No. 154) is granted;

(6) Plaintiff Tonya Michelle Mahone's Motion in Limine to Prevent Defendants from Claiming Poverty or Inability Pay a Judgment filed June 21, 2019 (ECF No. 171) is granted;

(7) Plaintiff Tonya Michelle Mahone's Motion in Limine to Prevent Defendants from Making Any Reference to Post Mortem Communication with Gerard Watson filed June 21, 2019 (ECF No. 172) is granted; and

(8) Plaintiff Tonya Michelle Mahone's Motion in Limine to preclude reference to Mr. Watson's usage or non-usage of seat belts or other restraint systems, and to preclude reference to her earlier allegations against CRST Expedited, Inc. filed June 24, 2019 (ECF No. 177) is granted.

DATED this <u>25th</u> day of June 2019, at Santa Fe, New Mexico.

<u>Paul Kelly, Jr.</u>
United States Circuit Judge
Sitting by Designation

Counsel:

Nathan S. Anderson and Paul D. Barber, Barber & Borg LLC, Albuquerque, New Mexico, and Mark J. Caruso, Caruso Law Offices P.C., Albuquerque, New Mexico, for Plaintiff.

Harriett J. Hickman, Darci A Carroll, and Nathan H. Mann, Gallagher Casados & Mann, P.C., Albuquerque, New Mexico, for Defendant Jacqueline R. Fletcher.

Mark J. Klecan, Attorney at Law, Albuquerque, New Mexico, for Defendant Gary Eden.