UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TONYA MICHELLE MAHONE, as
Personal Representative of the Estate of
GERARD WATSON, Deceased,

    Plaintiff,

v.

GARY EDEN, JACQUELINE R.
FLETCHER, and CRST EXPEDITED,
INC.,

    Defendants.

No. 1:15-cv-01009-PJK-KBM

## ORDER ON RESPONSE TO OMNIBUS MOTION IN LIMINE

THIS MATTER is before the court on Plaintiff Tonya Michelle Mahone's Response to Defendant Fletcher's Omnibus Motion in Limine filed June 27, 2019.[1] ECF No. 181. The court inadvertently ruled on the Omnibus Motion prior to considering this response and appreciates counsel bringing it to the court's attention. After careful consideration, however, the court is convinced that its initial ruling was correct. Ms. Mahone does not contest the ruling insofar as prohibiting references to settlement offers and liability insurance.

---

[1] The response refers to "FedEx.'s Motion," Resp. 2; the court presumes that it refers to Ms. Fletcher's motion.

At the outset, Ms. Mahone is correct that rulings on motions in limine are based upon what is known by the court at the time of the ruling. Admissibility depends on context and purpose which could change. Counsel are reminded of the importance of offering and objecting at trial for preservation. Fed. R. Evid. 103(a).

In an effort to be fair to all parties, Ms. Mahone should not be allowed to refer to Mr. Watson as the "victim." Fed. R. Evid. 403. The court need look no further than the definition Ms. Mahone supplies: a "person harmed by a crime, tort, or other wrong." Resp. 3; see also Victim, Black's Law Dictionary (10th ed. 2014). The definition presupposes a critical threshold finding. In any event, the case should be decided on the evidence, not labels.

The court has also considered Ms. Mahone's argument that the jury acts as the "conscience of the community" so such references (and "sending a message") should be permitted, particularly when punitive damages are at issue. First, the issue of punitive damages is premature. Second, prohibiting such references ensures consideration of this case on these facts, rather than on larger problems within the community. Cf. United States v. Rogers, 556 F.3d 1130, 1143 (10th Cir. 2009).

Third, while Ms. Mahone is correct that the prohibition on "golden rule" arguments pertains to damages, not liability, see Cordova v. City of Albuquerque, 816 F.3d 645, 660 (10th Cir. 2016), the court remains concerned that the jury could be misled (particularly without explicit instructions).

Last, insofar as prohibiting references to missing witnesses, the party requesting a missing witness instruction bears the burden to inform the court of who that might be,

and whether the elements for a missing witness instruction are satisfied.  See York v. Am. Tel. & Tel. Co., 95 F.3d 948, 955 (10th Cir. 1996).  Without these predicates, such references to missing witnesses should be prohibited at this time.

NOW, THEREFORE, IT IS ORDERED that Plaintiff Tonya Michelle Mahone's Response to Defendant Fletcher's Omnibus Motion in Limine filed June 27, 2019 (ECF No. 181) is construed as a motion to reconsider and is denied.

DATED this 28th day of June 2019, at Santa Fe, New Mexico.

/s/ Paul Kelly, Jr.
United States Circuit Judge
Sitting by Designation

Counsel:

Nathan S. Anderson and Paul D. Barber, Barber & Borg LLC, Albuquerque, New Mexico, and Mark J. Caruso, Caruso Law Offices P.C., Albuquerque, New Mexico, for Plaintiff.

Harriett J. Hickman, Darci A Carroll, and Nathan H. Mann, Gallagher Casados & Mann, P.C., Albuquerque, New Mexico, for Defendant Jacqueline R. Fletcher.

Mark J. Klecan, Attorney at Law, Albuquerque, New Mexico, for Defendant Gary Eden.