# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

TONYA MICHELLE MAHONE, as
Personal Representative of the Estate of
GERARD WATSON, Deceased,

    Plaintiff,

v.

GARY EDEN, JACQUELINE R.
FLETCHER, and CRST EXPEDITED,
INC.,

    Defendants.

No. 1:15-cv-01009-PJK-KBM

## ORDER ON PRETRIAL CONFERENCE

THIS MATTER came on for a Final Pretrial Conference on July 1, 2019. The court considered various pending motions and objections:

- Defendant Jacqueline R. Fletcher's Motion in Limine to Exclude Testimony of Whitney G. Morgan Regarding Ms. Fletcher filed June 24, 2019 (ECF No. 175).

- Plaintiff Tonya Michelle Mahone's Objections to Defendant Jacqueline R. Fletcher's Deposition Designations for Gary Eden filed June 27, 2019 (ECF No. 182).

- Plaintiff Tonya Michelle Mahone's Objections to Defendant Jacqueline R. Fletcher's Deposition Designations of Agent Rodger Brunson filed June 28, 2019 (ECF No. 183).

- Plaintiff Tonya Michelle Mahone's Objections to Defendant Jacqueline R. Fletcher's Exhibit 34 State of New Mexico Incident Report (ECF No. 185).

- Defendant Jacqueline R. Fletcher's Pretrial Conference Objection to Plaintiff's Contested Exhibit 6.

- Defendant Jacqueline R. Fletcher's Pretrial Conference Objection to Plaintiff's Contested Exhibits 1 and 2.

Upon consideration thereof, the court rules as follows.

(1) <u>Testimony of Whitney G. Morgan.</u> Defendant Jacqueline R. Fletcher's Motion in Limine to Exclude Testimony of Whitney G. Morgan Regarding Ms. Fletcher filed June 24, 2019 (ECF No. 175) should be granted in part to the extent that Mr. Morgan is precluded from testifying as to whether Ms. Fletcher gave Mr. Eden permission to drive at the time of the accident, and whether Ms. Fletcher's conduct demonstrated a conscious disregard for the safety of others. Certainly, a witness may opine on ultimate questions of fact, provided the testimony assists the jury in reaching a verdict. Fed. R. Evid. 704; <u>Specht v. Jensen</u>, 853 F.2d 805, 807–08 (10th Cir. 1988). However, from what has been presented, Mr. Morgan's truck safety expertise does not qualify him to express an opinion on whether Ms. Fletcher gave Mr. Eden permission (either express or implied) to drive at the time of the accident.[1] The jury must decide this

---

[1] Indeed, his opinion was not based on his trucking expertise, but on his review of Ms. Fletcher's and Mr. Eden's deposition testimony. In his deposition, Mr. Morgan testified that he had formed no specific opinion as to whether Ms. Fletcher let Mr. Eden drive at the time of the accident. Morgan Dep. 86:6–9 (ECF No. 175-2). Yet in both his report and his deposition, Mr. Morgan opines that Ms. Fletcher allowed Mr. Eden to drive. <u>See</u>

critical issue based on its assessment of the facts. In addition, pursuant to the court's June 25, 2019 Order, the parties are precluded from premature mention of punitive damages. Mahone v. Eden, No. 1:15-cv-01009-PJK-KBM, 2019 WL 2602550, at *3 (D.N.M. June 25, 2019). Whether Ms. Fletcher's conduct demonstrated a conscious disregard for the safety of others speaks to the issue of punitive damages. Mr. Morgan is not precluded from testifying about trucking industry safety standards and operations, given a proper foundation.

    (2) <u>Deposition Designations for Defendant Eden.</u> Ms. Mahone's Objections to Defendant Jacqueline R. Fletcher's Deposition Designations for Gary Eden filed June 27, 2019 (ECF No. 182) should be overruled. The court acknowledges Ms. Fletcher failed to provide her designations of Mr. Eden's deposition testimony by the deadline (ECF No. 143), and that her intention to designate Mr. Eden's entire deposition was untimely. The court also appreciates that Ms. Mahone's counsel has already expended time and resources editing Mr. Eden's deposition video for presentation to the jury. Nevertheless, a deposition of a party can be used by an adverse party for any purpose. Fed. R. Civ. P. 32(a)(3). As the court stated during the pretrial conference, it will allow Ms. Fletcher to introduce portions of Mr. Eden's deposition not already designated by Ms. Mahone, provided she edit out all objectionable comments, including hearsay statements. Ms.

---

Morgan Report 14 (ECF No. 175-1); Morgan Dep. 86:18–25, 87:1–4, 88:9–10. The basis for his opinion was Ms. Fletcher's deposition testimony that she allowed Mr. Eden to drive at other times during the trip, as well as that of Mr. Eden. Morgan Dep. 86:18–25, 87:1–8.

Mahone's counsel is not obligated to re-edit the video to include Ms. Fletcher's designated portions. If Mr. Eden is present and testifies at trial, parties can object to any portion of his testimony.

(3) Deposition Designations of Agent Rodger Brunson. Ms. Mahone's Objections to Defendant Jacqueline R. Fletcher's Deposition Designations of Agent Rodger Brunson filed June 28, 2019 (ECF No. 183) should be sustained. The court agrees that his deposition statements at 52:18–25, 53:7–11, and 54:7–22 contain hearsay statements not subject to any exception. Fed. R. Evid. 801–803. It further agrees that his deposition statements at 31:12–21, 33:3-11, 33:18–20, 33:24–25, 34:1, 34:5–6, 34:16–21, 35:4–6, 35:7–17, 35:23–25, 36:1, and 53:7–11 contain statements regarding no contest pleas, and they are thus inadmissible under Fed. R. Evid. 410(a)(2). Last, it agrees that Agent Brunson's deposition statements at 54:23–25 and 55:1 lack proper foundation and should be precluded. Fed. R. Evid. 602. Because counsel apparently agreed to the standard stipulation when taking these depositions — objections to form — any other objections are reserved until trial. Accordingly, counsel may raise additional objections at trial if the video of Agent Brunson's deposition is shown to the jury.

(4) Exhibit 34 State of New Mexico Incident Report. Ms. Fletcher agreed at the pretrial conference to withdraw Defendant's Exhibit 34, State of New Mexico Incident Report, Incident No. 2013-11274. See ECF No. 157. Accordingly, Ms. Mahone's Objections to Defendant Jacqueline R. Fletcher's Exhibit 34 State of New Mexico Incident Report (ECF No. 185) is now moot.

(5) <u>Plaintiff's Contested Exhibit 6.</u>  Ms. Fletcher objects to Plaintiff's Contested Exhibit 6, arguing it is not relevant.  Fed. R. Evid. 401, 402.  That exhibit, titled CRST Expedited, Inc. Independent Contractor Operating Agreement, is the agreement Ms. Fletcher signed with CRST Expedited, Inc.  CRST will not be present at trial as the court granted summary judgment in its favor.  <u>See generally</u> <u>Mahone v. Eden</u>, No. 1:15-cv-01009-PJK-KBM, 2019 WL 251732 (D.N.M. Jan. 17, 2019).  Ms. Mahone seeks introduction of the agreement in its entirety, or alternatively, only page 6 (Bates No. 0110CRST INT.), which provides in part: "Contractor shall not allow any passengers (other than team co-drivers) to ride in the Equipment unless Carrier authorizes it in writing in advance."  Pl.'s Contested Ex. 6, at 6; <u>see</u> ECF No. 162.  Plaintiff contends that Ms. Fletcher broke her promise to CRST given Mr. Eden's presence in her truck.

Defendant Fletcher challenges the circumstances under which she signed the operating agreement.  The court has circumscribed references to CRST, <u>Mahone</u>, 2019 WL 2602550, at *4, the agreement is of questionable probative value as to the central issue in the case — whether Ms. Fletcher allowed Mr. Eden to drive and the surrounding circumstances — and it is outweighed by the danger of unfair prejudice, confusion of the issues, and undue delay.  Fed. R. Evid. 403.  Ms. Fletcher's objection to Ms. Mahone's introduction of Plaintiff's Contested Exhibit 6 should therefore be sustained.

(6) <u>Plaintiff's Contested Exhibits 1 & 2.</u>  Ms. Fletcher also objects to Plaintiff's Contested Exhibits 1 and 2, which purportedly show Ms. Fletcher's and Mr. Watsons' driving logs, arguing they are duplicative of the GPS information available in Plaintiff's Consolidated Exhibit 5.  Ms. Fletcher argues that not only could the jury have difficulty

5

understanding the multiple pages of entries, but also the logs are unduly prejudicial because they are concededly inaccurate; at times, Ms. Fletcher and Ms. Watson drove "on [each other's] time." Fletcher Dep. 81:12–14, 83:21–25. In response, Ms. Mahone argues the logs are probative notwithstanding some inaccuracies because they show who was logged in as the driver prior to the crash, which may speak to who gave Mr. Eden permission to drive.

The court concludes that Exhibits 1 and 2 should be condensed to entries on or about June 22, 2013, provided a proper foundation. The probative value slightly outweighs the danger of unfair prejudice. Fed. R. Evid. 403. The data for the remainder of the trip is entirely irrelevant to the events of June 22, 2013 — the day of the crash — and they risk either confusing the jury or presenting duplicative evidence.

(7) <u>Remaining Contested Exhibits.</u> At the pretrial conference, Ms. Fletcher argued Plaintiff's Contested Exhibits 7–22, which depict photos of the accident scene, are duplicative. The parties have agreed to work with each other to narrow them. In addition, Ms. Mahone has withdrawn Plaintiff's Consolidated Exhibits 23 and 24, as they relate to the vicarious liability issue which will not be tried. Finally, Ms. Fletcher has agreed to withdraw Defendant's Exhibits 34 and 35, which contain Officer Lundy's report and OMI Report.

(8) At the Pretrial Conference, Ms. Mahone indicated her intent to proffer materials related to CRST for a complete record. Any materials related to CRST should have been brought to the court's (and CRST's counsel's) attention during the summary judgment proceedings, while CRST was participating in the case.

NOW, THEREFORE, IT IS ORDERED that:

(1) Defendant Jacqueline R. Fletcher's Motion in Limine to Exclude Testimony of Whitney G. Morgan Regarding Ms. Fletcher filed June 24, 2019 (ECF No. 175) is granted in part;

(2) Plaintiff Tonya Michelle Mahone's Objections to Defendant Jacqueline R. Fletcher's Deposition Designations for Gary Eden filed June 27, 2019 (ECF No. 182) are overruled;

(3) Plaintiff Tonya Michelle Mahone's Objections to Defendant Jacqueline R. Fletcher's Deposition Designations of Agent Rodger Brunson filed June 28, 2019 (ECF No. 183) are sustained;

(4) Plaintiff Tonya Michelle Mahone's Objections to Defendant Jacqueline R. Fletcher's Exhibit 34 State of New Mexico Incident Report (ECF No. 185) is moot;

(5) Defendant Jacqueline R. Fletcher's Objection to Contested Exhibit 6 is sustained; and

(6) Defendant Jacqueline R. Fletcher's Objection to Contested Exhibits 1 and 2 is sustained as to log data for any day prior to June 22, 2013.

DATED this 2nd day of July 2019, at Santa Fe, New Mexico.

Paul Kelly, Jr.  
United States Circuit Judge  
Sitting by Designation

Counsel:

Nathan S. Anderson and Paul D. Barber, Barber & Borg LLC, Albuquerque, New Mexico, and Mark J. Caruso, Caruso Law Offices P.C., Albuquerque, New Mexico, for Plaintiff.

Harriett J. Hickman, Darci A Carroll, and Nathan H. Mann, Gallagher Casados & Mann, P.C., Albuquerque, New Mexico, for Defendant Jacqueline R. Fletcher.

Mark J. Klecan, Attorney at Law, Albuquerque, New Mexico, for Defendant Gary Eden.