# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

---

TONYA MICHELLE MAHONE, as
Personal Representative of the Estate of
GERARD WATSON, Deceased,

      Plaintiff,

v.                                                  No. 1:15-cv-01009-PJK-KBM

GARY EDEN and JACQUELINE R.
FLETCHER,

      Defendants.

---

# COURT'S INSTRUCTIONS TO THE JURY

**INSTRUCTION NO. 1**

Members of the Jury:

In any jury trial there are, in effect, two judges.  I am one of the judges, you are the other.  I am the judge of the law.  You, as jurors, are the judges of the facts.  I presided over the trial and decided what evidence was proper for your consideration.  It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

In explaining the rules of law that you must follow, first, I will give you some general instructions which apply in every civil case — for example, instructions about burden of proof and insights that may help you to judge the believability of witnesses.  Then, I will give you some specific rules of law that apply to this particular case and, finally, I will explain the procedures you should follow in your deliberations, and the possible verdicts you may return.  These instructions will be given to you for use in the jury room, so you need not take notes.

**INSTRUCTION NO. 2**

You, as jurors, are the judges of the facts.  But in determining what actually happened — that is, in reaching your decision as to the facts — it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you.  You must not substitute or follow your own notion or opinion as to what the law is or ought to be.  It is your duty to apply the law as I explain it to you, regardless of the consequences. However, you should not read into these instructions, or anything else I may have said or done, any suggestion as to what your verdict should be.  That is entirely up to you.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy.  That was the promise you made and the oath you took.

## INSTRUCTION NO. 3

This case should be considered and decided by you as between parties of equal standing in the community, of equal worth, and holding the same or similar stations in life.  All persons stand equal before the law, and are to be dealt with as equals in a court of justice.

**INSTRUCTION NO. 4**

It is a general rule in civil cases that a party seeking a recovery or a party relying upon a defense has the burden of proving every essential element of the claim or defense by the greater weight of the evidence, also called a preponderance of the evidence.

To prove by the greater weight of the evidence means to establish that something is more likely true than not true.  When I say in these instructions that a party has the burden of proof, I mean that you must be persuaded that what is sought to be proved is more probably true than not true.  Evenly balanced evidence is not sufficient.

# INSTRUCTION NO. 5

As I told you earlier, it is your duty to determine the facts.  In doing so, you must consider only the evidence presented during the trial, including the sworn testimony of the witnesses and the exhibits received in evidence.  When the attorneys on both sides stipulate or agree as to evidence, the jury must accept the stipulation and regard that fact as proved.  Thus, the evidence in the case consists of the sworn testimony of the witnesses, the exhibits received in evidence, facts which may have been admitted or stipulated.  Any evidence as to which an objection was sustained by the court must be entirely disregarded.

Remember that any statements, objections, or arguments made by the lawyers are not evidence.  The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice.  In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case.  What the lawyers say is not binding upon you.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in the case.  Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

## INSTRUCTION NO. 6

You must make your decision based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations that the lawyers agreed to.

Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  Their questions and objections are not evidence.  My legal rulings are not evidence.  And my comments and questions are not evidence.

During the trial, I did not let you hear the answers to some of the questions that the lawyers asked.  Do not speculate about what a witness might have said.  It is not evidence, and you are bound by your oath not to let it influence your decision in any way.

# INSTRUCTION NO. 7

There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case.  One is direct evidence, such as the testimony of an eyewitness.  The other is indirect or circumstantial evidence, that is, the proof of a chain of facts which point to the existence or non-existence of certain other facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence.  The law simply requires that you find the facts in accord with all the evidence in the case, both direct and circumstantial.

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in the light of common experience.  An inference is a conclusion that reason and common sense may lead you to draw from facts which have been proved.

By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in this case.

# INSTRUCTION NO. 8

I remind you that it is your job to decide the facts in this case.  In doing so, you must consider all of the evidence.  This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given the witness's testimony.  An important part of your job will be making judgments about the testimony of the witnesses who testified in this case.  You should decide whether you believe what each person had to say, and how important that testimony was.  In making that decision, you may take into account the witness's ability and opportunity to observe, the witness's memory, the witness's manner while testifying, any interest, bias or prejudice that the witness may have and the reasonableness of the testimony, considered in light of all the evidence in the case.

In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other.  Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point.  Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say.

**INSTRUCTION NO. 9**

During the trial of this case, certain testimony has been presented to you by way of deposition, consisting of sworn recorded answers to questions asked of the witness in advance of the trial by one or more of the attorneys for the parties to the case.  The testimony of a party, or a witness who for some reason cannot be present to testify from the witness stand, may be presented in writing under oath.  Such testimony is entitled to the same consideration, and is to be judged as to credibility, and weighed, and otherwise considered by the jury, in so far as possible, in the same way as if the witness had been present, and had testified from the witness stand.

**INSTRUCTION NO. 9A**

[PAGE INTENTIONALLY LEFT BLANK]

**INSTRUCTION NO. 9B**

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions.  An exception to this rule exists as to those whom we call "expert witnesses."  Witnesses who, by education and experience, have become expert in some art, science, profession, or calling, may state their opinions as to relevant and material matters, in which they profess to be expert, and may also state their reasons for the opinion.

You should consider each expert opinion received in evidence in this case, and give it such weight as you may think it deserves.  If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other evidence, you may disregard the opinion entirely.

## INSTRUCTION NO. 9C

An expert witness is permitted to state an opinion based upon a question which, for the purposes of trial, assumes as true certain facts which may or may not be true.

It will be for you in your deliberations, however, to determine from all other evidence whether or not the facts assumed have been proved to be true.

### INSTRUCTION NO. 9D

The testimony of a witness may be discredited by showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with the testimony the witness gave at this trial.

Earlier statements of a witness were not admitted in evidence to prove that the contents of those statements are true.  You may consider the earlier statements only to determine whether you think they are consistent or inconsistent with the trial testimony of the witness and therefore whether they affect the credibility of that witness.

If you believe that a witness has been discredited in this manner, it is your exclusive right to give the testimony of that witness whatever weight you think it deserves.

14

## INSTRUCTION NO. 9E

Certain charts and summaries have been shown to you to help explain the facts disclosed by the evidence in this case. Such charts or summaries are used for convenience. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

**INSTRUCTION NO. 9F**

After these instructions on the law governing this case, the lawyers may make closing arguments, or statements, on the evidence and the law.  These summaries can be of considerable assistance to you in arriving at your decision and you should listen carefully.  You may give them such weight as you think proper.  However, neither these final discussions nor any other remarks or arguments of the attorneys made during the course of the trial are to be considered by you as evidence or as correct statements of the law, if contrary to the law given to you in these instructions.

# INSTRUCTION NO. 10

This civil lawsuit has been brought by Plaintiff Tonya Michele Mahone, individually and as the personal representative and surviving beneficiary of Gerard Watson who is now deceased.  Plaintiff seeks compensation from Defendants Gary Eden and Jacqueline R. Fletcher that plaintiff claims were caused by negligence that resulted in the wrongful death of her son, Gerard Watson, in a motor vehicle accident.

Plaintiff claims that Defendant Eden did not have a valid commercial driver's license and he was under the influence of medication that impaired his ability to drive. Plaintiff also claims that he violated state and federal law in his operation of the tractor-trailer.

Plaintiff claims that Defendant Fletcher permitted her father, Defendant Eden to drive the tractor-trailer and that she knew that he no longer had a commercial driver's license and that he was under the influence of medication that impaired his ability to drive.  Plaintiff also claims that Defendant Fletcher violated state and federal law in allowing her father to operate the tractor-trailer.

To establish the claim of negligence of a defendant, the plaintiff has the burden of proving at least one of the following contentions:

1.  A defendant violated one or more statutes or regulations.

2.  A defendant had a duty to and failed to exercise ordinary care.

3.  With respect to Defendant Fletcher, Defendant Fletcher negligently entrusted the tractor-trailer to Defendant Eden.

17

The plaintiff contends, and also has the burden of proving, that such negligence was the cause of the injuries and damages claimed.

Defendant Fletcher denies Plaintiff's claims as to liability and damages, and she has the burden of proving her defenses.   She denies that she was negligent and that such negligence caused the death of Mr. Watson.   Defendant Fletcher denies that she authorized Defendant Eden to operate the tractor-trailer.   She contends that her father, Defendant Eden, was only a passenger in the truck and she was giving him a ride to his home in Arizona.   She denies that she had any knowledge that her father no longer had his commercial driver's license or that he was under the influence of medication that impaired his ability to drive.   She contends that she was not feeling well and had her co-driver, Mr. Watson, take over driving and then went to sleep in the cab of the truck. Defendant Fletcher maintains that she does not know how Defendant Eden came to be driving the tractor-trailer, but if Mr. Watson allowed Defendant Eden to operate the truck, then Mr. Watson's negligence contributed to his death.   Defendant Fletcher contends, and Defendant Eden concedes, that Defendant Eden was negligent in the operation of the tractor-trailer.   Defendant Eden contests plaintiff's claims as to damages.

## INSTRUCTION NO. 11

It is the duty of every operator of a vehicle to exercise ordinary care, at all times, to prevent an accident.

## INSTRUCTION NO. 12

It is the duty of every operator of a vehicle, at all times, to keep a proper lookout and to maintain proper control of his or her vehicle so as to avoid placing the operator or others in danger and to prevent an accident.

## INSTRUCTION NO. 13

The duty to keep a proper lookout requires more than merely looking. It also requires a person to actually see what is in plain sight or is obviously apparent to one under like or similar circumstances.

Further, with respect to that which is not in plain sight or readily apparent, a person is required to appreciate and realize what is reasonably indicated by that which is in plain sight.

## INSTRUCTION NO. 14

The term "negligence" may relate either to an act or a failure to act.

An act, to be "negligent," must be one which a reasonably prudent person would foresee as involving an unreasonable risk of injury to himself or to another and which such a person, in the exercise of ordinary care, would not do.

A failure to act, to be "negligent," must be a failure to do an act which one is under a duty to do and which a reasonably prudent person, in the exercise of ordinary care, would do in order to prevent injury to himself or herself or to another.

## INSTRUCTION NO. 15

"Ordinary care" is that care which a reasonably prudent person would use in the conduct of the person's own affairs. What constitutes "ordinary care" varies with the nature of what is being done.

As the risk of danger that should reasonably be foreseen increases, the amount of care required also increases. In deciding whether ordinary care has been used, the conduct in question must be considered in the light of all the surrounding circumstances.

## INSTRUCTION NO. 16

Every person has a duty to exercise ordinary care for the safety of the person and the property of others.

Every person also has a duty to exercise ordinary care for the person's own safety and the safety of his or her property.

# INSTRUCTION NO. 17

There were statutes and regulations in force in this state at the time of the occurrence in question, which provided:

Section 66-8-114 **Careless driving** — A. Any person operating a vehicle on the highway shall give his full time and entire attention to the operation of the vehicle.

B. Any person who operates a vehicle in a careless, inattentive or imprudent manner, without due regard for the width, grade, curves, corners, traffic, weather and road conditions and all other attendant circumstances is guilty of a misdemeanor.

Section 66-7-317 **Driving on roadways laned for traffic** — Whenever any roadway has been divided into two or more clearly marked lanes for traffic, the following rules in addition to all others consistent herewith shall apply:

A. a vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety.

Federal Motor Carrier Safety Regulation, 49 CFR § 392.2 — Every commercial motor vehicle must be operated in accordance with the laws, ordinances, and regulations of the jurisdiction in which it is being operated.

Federal Motor Carrier Safety Regulation, 49 CFR §392.3 — No driver shall operate a commercial vehicle and a motor carrier shall not require or permit a driver to operate a commercial motor vehicle, while the driver's ability or alertness is so impaired,

25

or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him/her to begin or continue to operate the commercial motor vehicle.

* * *

If you find from the evidence that a defendant violated any of these statutes or regulations, then that defendant's conduct constitutes negligence as a matter of law.

## INSTRUCTION NO. 18

Negligence resulting from a violation of a statute or regulation is no different in effect from that resulting from other acts or omissions constituting negligence.  In each case the negligence is of no consequence unless it was a cause of or contributed to an injury found by you to have been suffered by the plaintiff.

## INSTRUCTION NO. 19

To establish a claim of negligent entrustment, which is negligence in allowing Defendant Eden to drive Defendant Fletcher's motor vehicle at the time of the accident, Plaintiff has the burden of proving the following contentions by a preponderance of the evidence:

**First:**    Defendant Fletcher was the owner or person in control of the vehicle that caused Mr. Watson's injuries;

**Second:**    Defendant Fletcher permitted Defendant Eden to operate the vehicle;

**Third:**    Defendant Fletcher knew or should have known that Defendant Eden was likely to use the vehicle in such a manner as to create an unreasonable risk of harm to others;

**Fourth:**    Defendant Eden was negligent in the operation of the motor vehicle; and

**Fifth:**    Defendant Eden's negligence was a cause of the injury to Gerard Watson.

## INSTRUCTION NO. 19A

Permission to operate a vehicle may be express or implied.  Implied permission to operate a vehicle can be inferred from a course of conduct or relationship between the parties, or other facts and circumstances signifying the assent of the owner.

## INSTRUCTION NO. 20

The mere happening of an accident is not evidence that any person was negligent. Neither the fact that damages are claimed due to the accident nor the fact that this lawsuit was filed is evidence of any negligence on the part of any person.

## INSTRUCTION NO. 21

An act or omission is a "cause" of injury, harm or death if it contributes to bringing about the injury, harm or death, and if injury, harm or death would not have occurred without it.  It need not be the only explanation for the injury, harm, or death, nor the reason that is nearest in time or place.  It is sufficient if it occurs in combination with some other cause to produce the result.  To be a "cause," the act or omission, nonetheless, must be reasonably connected as a significant link to the injury, harm, or death.

## INSTRUCTION NO. 22

You are not to engage in any discussion of damages unless you have first determined that there is liability, as elsewhere covered in these instructions.

The fact that you are given instructions on damages is not to be taken as an indication as to whether the court thinks damages should or should not be awarded.

# INSTRUCTION NO. 23

Plaintiff brings this lawsuit individually and as the surviving beneficiary of Mr. Watson, who is deceased. New Mexico law allows damages to be awarded to a beneficiary if the death or the related damages described in this instruction were caused by the wrongful act, neglect, or fault of another. If you should find for Plaintiff on the question or liability, you must then fix the amount of money which you deem fair and just for the life of Mr. Watson, including in your award compensation for any of the following elements of damages proved by the evidence:

1) The reasonable expenses of funeral and burial;

2) The lost future earnings, the lost earning capacity and the value of the lost household services of Mr. Watson considering Mr. Watson's age, earning capacity, health, habits, and life expectancy. If these damages are of a continuing nature, you may consider how long they will continue. In considering loss of future earnings or earning capacity, deductions must be made for income taxes, social security taxes, other taxes, and personal living expenses of Mr. Watson. You may also consider that some persons work all their lives and others do not and that a person's earnings may remain the same or may increase or decrease in the future. The damages set forth in this paragraph are damages for future loss of money and are paid in a lump sum. Therefore, a reasonable discount must be made for the future earning power of the damages awarded;

3) The value of Mr. Watson's life apart from his earning capacity;

4) The mitigating or aggravating circumstances attending the wrongful act, neglect or default;

5) The emotional distress to the beneficiary caused by the loss of society and companionship enjoyed with Mr. Watson;

6) You may also consider the loss to the beneficiary of other expectant benefits that have a monetary value. While the presence or absence of a measurable monetary loss to a beneficiary is a factor for consideration, damages may be awarded even where monetary loss to the surviving beneficiary cannot be shown.

The property or wealth of the beneficiary or of the defendants are not legitimate factors for your consideration.

The guide for you to follow in determining fair and just damages is the enlightened conscience of impartial jurors acting under the sanctity of your oath to compensate the beneficiaries with fairness to all parties to this action. Your verdict must be based on evidence, not on speculation, guess or conjecture. You must not permit the amount of damages to be influenced by sympathy or prejudice, or by the grief or sorrow of the family, or the loss of Mr. Watson's society to his family.

## INSTRUCTION NO. 24

In fixing the amount you may award for damages arising in the future, you must reduce the total of such damages by making allowance for the fact that any award you might make would, if properly invested, earn interest.  You should, therefore, allow a reasonable discount for the earning power of such money and arrive at the present case value of the total future damages, if any.

**INSTRUCTION NO. 25**


According to a table of mortality, the life expectancy of persons aged 25 years is 54.8 additional years.  This figure is not conclusive.  It is the average life expectancy of persons who have reached that age.  This figure may be considered by you in connection with other evidence relating to the probable life expectancy of Mr. Watson, including evidence of his occupation, health, habits and other activities, bearing in mind that some persons live longer and some live shorter than the average.

## INSTRUCTION NO. 26

If you find that the deceased, Mr. Watson, acted negligently by giving Mr. Eden permission to operate the vehicle, and that his negligence was a "cause" of his death, such finding does not bar Plaintiff's recovery completely. Rather, it serves only to reduce the damages Plaintiff may recover.

## INSTRUCTION NO. 27

If you find that Plaintiff is entitled to recover damages against more than one defendant, you must return a verdict in a single sum against the defendants whom you find liable.

# INSTRUCTION NO. 28

To reach a verdict, all of you must agree.  Your verdict must be unanimous.  Your deliberations will be secret.  You will never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors.  During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong.  But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges — judges of the facts.  Your sole interest is to seek the truth from the evidence in the case, to decide the facts in this case.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help guide your deliberations and will speak for you here in the courtroom.

A special verdict form has been prepared for your convenience.

The foreperson will indicate the unanimous answer of the jury in the spaces provided.  At the conclusion of your deliberations, the foreperson should date and sign the verdict and notify the court security officer.

# INSTRUCTION NO. 29

After considering the evidence and these instructions as a whole, the preliminary questions presented for you to answer on the special verdict form are as follows:

*First:* Were either Gary Eden or Jacqueline Fletcher negligent?  Gary Eden has conceded negligence, so that question has been answered for you as to Gary Eden only.

*Second:* Was the negligence of any defendant a cause of Mr. Watson's death and Plaintiff's injuries and damages?

If the answer to Question No. 2 is "No" as to both Gary Eden and Jacqueline Fletcher, you shall return the special verdict form for the defendants and against Plaintiff.

If, on the other hand, the answer to Question No 2 is "Yes" as to either Gary Eden or Jacqueline Fletcher, or both, you shall determine the amount of money that will compensate Plaintiff for the injuries and damages.  You shall then compare the negligence of Defendant Fletcher, Defendant Eden, and, if you so find, Gerard Watson, the decedent, and find a percentage for each.  The total of the percentages must equal 100% but the percentage for any one or more of the persons named may be zero if you find that such person was not negligent or that any negligence on the part of such person was not a cause of the damages.

If you want to communicate with me at any time during your deliberations, please write down your message or question and give it to the court security officer, who will bring it to my attention.  I will respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally.  If I reply to your

message in writing, please leave both the message and my reply in the jury room — they should not be thrown away, even at the conclusion of your deliberations.  Likewise, the jury instructions must be left in the jury room at the conclusion of your deliberations.

Bear in mind that you are never to reveal to any person, not even the court, how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict.  Retain the special verdict form until I ask you for it here in the courtroom.

## INSTRUCTION NO. 30

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, computer, the Internet, any text or instant messaging service, blog, or any website such as Facebook, LinkedIn, YouTube, or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.  In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case.  You can only discuss the case in the jury room with your fellow jurors during deliberations.

You may not use electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom.  Information on the Internet or available through social media may be wrong, incomplete, or inaccurate.  You are permitted to discuss the case with only your fellow jurors during deliberations because they have seen and heard the same evidence you have.  In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom.  Otherwise, your decision may be based on information known only by you and not your fellow jurors and the parties in this case. This would unfairly and adversely impact the judicial process.

## INSTRUCTION NO. 31

Faithful performance by you of your duties is vital to the administration of justice.

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

---

TONYA MICHELLE MAHONE, as
Personal Representative of the Estate of
GERARD WATSON, Deceased,

      Plaintiff,

v.                                                                           No. 1:15-cv-01009-PJK-KBM

GARY EDEN and JACQUELINE R.
FLETCHER,

      Defendants.

---

**SPECIAL VERDICT FORM**

---

On the questions submitted, the jury finds as follows:

**Question 1:** Were any of the following negligent?  (Place an "X" in the appropriate space.  You are instructed that Gary Eden has conceded negligence, so that question has been answered.)

      Gary Eden:        Yes _____**X**_____      No _____

      Jacqueline Fletcher: Yes _____      No _____

**Question 2:** Was the negligence of any defendant a cause of Mr. Watson's death and Plaintiff's injuries and damages?

      Gary Eden:        Yes _____      No _____

      Jacqueline Fletcher: Yes _____      No _____

If the answer to Question No. 2 is "No" as to <u>both</u> Gary Eden and Jacqueline Fletcher, you are not to answer further questions.  Your foreperson must sign this special verdict, which will be your verdict for the defendants and against the plaintiff, and you must

notify the court security officer that you have reached a verdict.  Thereafter, you will return to open court.

If the answer to Question No. 2 is "Yes" as to either Gary Eden or Jacqueline Fletcher (or both), you are to answer the remaining questions on this special verdict form.  When you have agreed upon each of your answers, your foreperson must sign this special verdict, and you will all return to open court.

**Question 3:** In accordance with the damage instructions given by the court, we find the total amount of damages suffered by plaintiff to be:

$_____*(Here enter the total amount of  damages without any reduction for Gerard Watson's negligence, should you so find.)*

**Question 4:** Compare the negligence of the following persons and find a percentage for each.  The total of the percentages must equal 100% but the percentage for any one or more of the persons named may be zero if you find that such person was not negligent or that any negligence on the part of such person was not a cause of the damages.

Defendant Gary Eden                         _____%


Defendant Jacqueline Fletcher        _____%


Gerard Watson                                   _____%


                                                          _____%   **100% TOTAL**

     The court will multiply the percentage of each individual by the plaintiff's total damages as found by the jury under Question 3.  The court will then enter judgment for plaintiff against each defendant in the proportion of damages found as to that defendant.

                                                    _____
                                                    FOREPERSON

Members of the Jury:

You may now begin your deliberations.

DATED this <u>10th</u> day of July 2019, at Albuquerque, New Mexico at <u>1:30 pm</u>.

<u>/s/ Paul Kelly, Jr.</u>
United States Circuit Judge
Sitting by Designation