IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TONYA MICHELLE MAHONE, as
Personal Representative of the Estate of
GERARD WATSON, Deceased,

    Plaintiff,

v.                                Case No. 1:15-CV-01009 PJK-KBM

GARY EDEN, JACQUELINE R. FLETCHER,
CRST EXPEDITED, INC. and XYZ CORP.,

    Defendants.

**DEFENDANT JACQUELINE R. FLETCHER'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT**

COMES NOW Defendant Jacqueline R. Fletcher, by and through her counsel of record, and hereby submits her Response in Opposition to Plaintiff's Motion to Alter or Amend Judgment (Doc. No. 211, filed 8/12/19) as follows:

Application of Federal Rule of Civil Procedure 59 (e) is inappropriate, and there is no basis for altering or amending the Judgment (Doc. No. 210, filed 7/15/19) entered in this matter into three separate judgments.

Rule 59(e) has a clear and narrow aim. The Rule was adopted to "mak[e] clear that the district court possesses the power" to rectify its own mistakes in the period immediately following the entry of judgment. *White v. New Hampshire Dept. of Employment Sec.*, 455 U.S. 445, 450, 102 S. Ct. 1162, 1165–66, 71 L. Ed. 2d 325 (1982) (internal citations omitted). Thus, Federal Courts generally invoke Rule 59(e) only to support reconsideration of matters properly encompassed in a decision on the merits. *Id.* 455 U.S. at 451 (internal citation omitted).

In order to determine if a motion is properly brought under Rule 59, courts look beyond the form of the motion to the substance of the relief requested. A motion constitutes a Rule 59(e) motion if it "requests a substantive change in the district court's judgment or otherwise questions its substantive correctness." *Nelson v. City of Albuquerque*, 921 F.3d 925, 928 (10th Cir. 2019) (internal citations omitted).

Rule 59(e) motions may be granted when "the court has misapprehended the facts, a party's position, or the controlling law." *Id.* at 929 (internal citation omitted). Once a district court enters judgment, the public gains a strong interest in protecting the finality of judgments. *Id*. (internal citation omitted). Given the importance of protecting the finality of judgments, the U.S. Court of Appeals for the Tenth Circuit has restricted district courts' discretion when ruling on motions based on Rule 59(e). Rule 59(e) motions are "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id*. (internal citation omitted). Rule 59(e) permits a court to alter or amend a judgment, but it may not be used to raise arguments or present evidence that could have been raised prior to the entry of judgment. *Id*. (internal citations omitted).

While the Rule itself does not provide grounds for altering or amending a judgment, the grounds acknowledged by federal case law include "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion ...; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *In re Vehicle Carrier Services Antitrust Litig.*, 846 F.3d 71, 87 (3d Cir. 2017), *as amended* (Jan. 25, 2017), *cert. denied sub nom. Alban v. Nippon Yusen Kabushiki Kaisha*, 138 S. Ct. 114, 199 L. Ed. 2d 31 (2017) (internal citation omitted). See also *Stragapede v. City of Evanston, Illinois*, 865 F.3d 861, 868 (7th Cir. 2017), as amended (Aug. 8, 2017), Amending the judgment is proper

only when the movant has newly discovered evidence that was not available at the time of trial or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact. *Id.* (internal citations omitted).

Here, Plaintiff's Motion is not based on rectifying any mistakes by the Court following the entry of judgment. Plaintiff is not requesting a substantive change or questioning the substantive correctness of the Judgment. There are no allegations by Plaintiff that the Court has misapprehended the facts, a party's position, or the controlling law. Plaintiff does not seek to introduce new evidence that was not available at trial or correct a clear error of law or fact or prevent manifest injustice.

Plaintiff's Motion is based on nothing other than her ability to collect on the judgements. Contrary to her Motion, Defendant Fletcher's insurer has not made a definitive decision at this time whether it will pay the judgment.[1] Plaintiff was well aware of the circumstances related to insurance coverage and disputes among the defendants and their insurers prior to trial. Plaintiff was well aware that Defendant Fletcher does not have the means to pay a judgment and possibly may have to file for bankruptcy. Plaintiff could have requested that the Court enter separate judgments, but she did not raise any of these issues with the Court prior to the entry of judgment. If Plaintiff intends to appeal the judgment for CRST, she could have requested that the Court enter a separate judgment for CRST prior to the entry of judgment.

Plaintiff has not established a basis for altering or amending the Judgment pursuant to Rule 59(e). Defendant Fletcher requests that Plaintiff's Motion to Alter or Amend Judgment be DENIED.

---

[1] Defendant Fletcher's insurer has issued reservation of rights letters, but, at this time, no decision has been made whether it will pay the Judgment.

Respectfully submitted,

**GALLAGHER CASADOS & MANN, P.C.**

By /s/ Harriett J. Hickman
    Harriett J. Hickman, Esq.
    Darci A. Carroll, Esq.
    Nathan H. Mann, Esq.
    Attorneys for Defendant Jacqueline R. Fletcher
    4101 Indian School Road NE, Suite 200N
    Albuquerque, New Mexico 87110
    505-243-7848    F 505-764-0153
    hhickman@gcmlegal.com
    dcarroll@gcmlegal.com
    nmann@gcmlegal.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the **13th** day of **August 2019**, Defendant Jacqueline R. Fletcher's Response in Opposition to Plaintiff's Motion to Alter or Amend Judgment was filed electronically through the CM/ECF, which caused a copy of same to be served by electronic means to those on the Notice of Electronic Filing.

                                                    /s/ Harriett J. Hickman